CASE 21————JUNE 25.

## Burbage vs. Squires.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

In actions before justices of the peace, the amount demanded in the warrant is the "matter in controversy." (4 *J. J. Mar.*, 242; 5 *Dana*, 596.) The law in this respect has not been changed by the Civil Code.

In the written statement of facts upon which an action before a justice of the peace is founded, filed in obedience to *section* 827 *of the Civil Code*, the plaintiff need not state the amount demanded by him, and if stated it is mere surplusage, and of no avail for any purpose.

Upon the trial of an appeal from a justice of the peace the cause of action must be the same as that expressed in the warrant. The same action may be tried *anew*, but no *new action* is to be tried; nor can the demand be increased, by pleading or otherwise, beyond the jurisdiction of the justice.

JAMES G. HASWELL, for appellant, cited 13 *B. Mon.*, 237; *Civil Code*, secs. 849, 161, 827, 145, 739, 824, 360, 153, 120, 121, 123, 690, 691; 9 *Dana*, 64; 4 *J. J. Mar.*, 242; 4 *Bibb*, 416; 5 *Dana*, 596; 7 *Dana*, 168; 15 *B. Mon.*, 48; *Taylor's ex'r vs. Berry*, *MS. opin.*, Sept. 1855; *Rev. Stat.*, 214; *sess. acts* 1857–8, *page* 35.

KINCHELOE & JENNINGS, for appellee, cited *Civil Code, secs.* 827, 29, 16, 3, 4, 65, 849; 4 *Mon.*, 413; 5 *Mon.*, 262; 7 *Dana,* 168; 2 *B. Mon.*, 264.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

The counsel for appellee insists, in argument, that this court has no jurisdiction. We must therefore determine first wheth-

Burbage vs. Squires.

er the court has jurisdiction or not. This was a proceeding commenced originally by warrant before a justice of the peace. The sum claimed in the warrant was *twenty-five dollars*.

We find in the record a statement, in writing, which appears to have been filed with the justice, and which purports to set forth the facts on which the action was founded. This written statement was filed, no doubt, in obedience to the requirement contained in *section* 827 *of Civil Code.* At the conclusion thereof is a prayer for judgment for certain hogs, four in number, which had been previously mentioned, said to be of the value of *twenty-five dollars*, and for *thirty-five dollars* for the taking and detention of the same.

Is the amount claimed to be ascertained by reference to the warrant or to the written statement?

In the case of *Mills vs. Couchman*, (4 *J. J. Mar.*, 242,) followed by the case of *Williams vs. Wilson*, (5 *Dana*, 596,) it was held that the amount demanded in the warrant was the matter in controversy. The extent of the plaintiff's demand was fixed by reference to the warrant. So the law was at the adoption of the Code of Practice. Did that work any change? The section of the Code to which reference has been made, in regulating the mode of procedure before justices of the peace, provides that, "where the matter in controversy does not exceed $50, the pleadings in the action may be oral and without verification. But before the summons is issued the plaintiff shall file with the justice the account or the written contract, or a short written statement of the facts on which the action is founded."

It is to be observed that this writing is to contain only a statement of facts. It is not required that it shall contain also a demand of the relief to which the plaintiff considers himself entitled, as is required in a petition by *section* 118 *of the Code.*

The plaintiff need not state the amount demanded by him, and if he make such statement it is mere surplusage, and is of no avail for any purpose. There is therefore no change made by this provision of the Code; and the sum demanded in the warrant is now, as heretofore, the matter in controversy.

Burbage vs. Squires.

An appeal was taken from the judgment of the justice, which was against the plaintiff, to the quarterly court; and another appeal from the judgment of the quarterly court, which was also against the plaintiff, to the circuit court. Upon each of these appeals the plaintiff filed petitions, stating the grounds upon which his action was founded, and in each, there was an increase of the sum for which judgment was demanded, until finally in the circuit court the amount demanded was *seventy-five dollars*.

The Code of Practice no where authorizes the filing of such petitions as these upon appeals. And if it did, the demand of the plaintiff could never be increased beyond the jurisdiction of the court in which the action was commenced. Upon the trial of the appeal the cause of action must be the same as that expressed in the warrant, and it must be a cause of action over which the justice had jurisdiction; for if the justice had not jurisdiction of the cause of action, the circuit court had no jurisdiction of the appeal. This has been repeatedly decided by this court.

It is true that by *section* 849 *of the Code*, when an appeal is taken from the judgment of a justice, the action is to be tried anew, as if no judgment had been rendered, *i. e.*, the case may be tried upon its merits, as an original case, unaffected by want of form or any technical objection to the proceedings. But it must be the same identical case which was tried by the justice, and not a new case. Upon the trial of the appeal no new cause of action can be relied upon. The same action may be tried *anew*, but *no new action* is to be tried. Nor can the demand be increased, by pleading or otherwise, beyond the jurisdiction of the justice. For if it were so increased the quarterly or circuit court would be ousted of jurisdiction of the appeal.

We are compelled to regard the amount demanded in the warrant as the matter in controversy between the parties. And that being less than $50, this court has no jurisdiction of the appeal. It is therefore *dismissed*.