## THOMAS H. RUSSELL *vs.* CURTIS L. ALLEN.

A mortgagee of a term of years, upon giving notice to one who holds a prior underlease of a portion of the premises that by virtue of his mortgage he shall claim all rent then and thereafter due from him, is entitled to recover the same: and an oral agreement between the mortgagor and mortgagee that the former shall receive the rent cannot be shown in defence of an action by the mortgagee to recover it.

CONTRACT by the assignee of John T. P. Treat, an insolvent debtor, for rent. A trial by jury was waived in the superior court, and the case was heard and determined by *Putnam*, J., before whom the following facts were proved:

Treat was the owner of a lease for years of a building on Cornhill, Boston, and underlet a portion thereof to the defendant, and afterwards executed an assignment of the lease which he held to F. A. Walker, who at the same time gave back an agreement in writing to reconvey the same upon payment of certain debts therein mentioned due to him from Treat. The defendant went into possession under his lease, and the first instalment of rent which fell due thereon was collected by Treat, with the knowledge of Walker, whose claims against Treat had not then become due. Before the next instalment of rent became due from the defendant, Treat's estate was taken possession of under the insolvent laws, and the plaintiff was appointed assignee, and both the plaintiff and Walker demanded payment of the rent of the defendant. The plaintiff offered to show that, at the time of the execution of the papers between Treat and Walker, it was verbally agreed that Treat was to receive all rents until default in the payment of the debts referred

to ; but the evidence was rejected, and judgment was rendered for the defendant. The plaintiff alleged exceptions.

*T. H. Russell*, for the plaintiff.

*H. C. Hutchins*, for the defendant.

MERRICK, J. It is conceded by the plaintiff that, if Walker had a right under the assignment of the leases from Treat to the defendant to demand and recover the sums of money due for rent which he received, this action cannot be maintained, and consequently that the ruling of the presiding judge at the trial must be sustained. And of this there appears to be no room for doubt. It has long been well settled that a mortgagee, upon giving notice to a tenant in possession of mortgaged premises under a lease for years given prior to the mortgage, is entitled to all rent accruing and becoming due subsequently to its execution ; including whatever is in arrear at the time of giving notice, as well as that which accrues and becomes due afterwards. This was expressly determined in the time of Lord Mansfield, in the case of *Moss* v. *Gallimore*, Doug. 279 ; and we have the authority of Chancellor Kent for saying that that case has been considered good law, to its full extent, by the courts of this country. 4 Kent Com. (6th ed.) 165. And in a note appended by the editor to the same case in 1 Smith's Lead. Cas. 310, it is said that the decision is upon a point seemingly so clear in principle, that, were it not for its general importance, it would perhaps be matter of surprise that any case should have been deemed requisite to establish it. The mortgagor having under such circumstances conveyed his estate to the mortgagee, the tenants of the former become of course the tenants of the latter ; but as to all payments of rent which they may have made to the lessor before notice of the mortgage, they are protected against further liability. The same principle has frequently and uniformly been recognized as the law of this commonwealth. It is so distinctly stated and affirmed by Parsons, C. J., in *Newall* v. *Wright*, 3 Mass. 138. So also in *Fitchburg Cotton Manuf. Corp.* v. *Melven*, 15 Mass. 268, Jackson, J. said if the lease had been made before the mortgage, the mortgagee would have been the assignee of the reversion, and

in that character entitled to all rents payable by force of the indenture. And more recently, in the case of *Burden* v. *Thayer*, 3 Met. 79, the court held that where a deed, either by way of absolute conveyance or in mortgage, is made of an estate under and subject to a subsisting lease for years, the grantee acquires thereby only an estate in reversion, because that is all to which the grantor was himself entitled. But rent being an incident to a reversion passes with it; and therefore the grantee or mortgagee has by force of the conveyance a right, which he may exercise or not at his pleasure, to demand and recover all rent which becomes due and payable subsequently to the conveyance. To this end he may give notice, whenever he chooses to do so, of this right to the lessee, who will thereupon become bound to pay the rent to him. This liability however is limited to rent becoming due after execution of the deed of conveyance, and does not extend to that which was then already due, or to that which before notice of the conveyance has been paid to the lessor. For rent which is due and payable at the time when the conveyance is made is a mere chose in action; a debt which the lessee owes to the lessor, and which being disconnected from the reversion does not pass to the grantee by a conveyance of it. The same principle and rules of law are stated in 1 Washburn on Real Prop. 531, and the position of the author is fully sustained by the authorities referred to.

The rights and liabilities of the parties are very different when a lease for years is made posterior to a mortgage by a mortgagor while remaining in possession of the mortgaged estate. For then there is no privity of contract or estate between the mortgagee and lessee, who stands in the place and is subject only to the obligations of the mortgagor, of whom rent cannot be collected so long as he is permitted to remain in the use and occupancy of the mortgaged premises. Until there has been an actual entry, or some act equivalent thereto has occurred, the mortgagee can maintain no action against him for the recovery of rent, except upon an express promise to pay it. *Morse* v. *Goddard*, 13 Met. 177. *Fitchburg Cotton Manuf. Corp.* v. *Melven, ubi supra. Field* v. *Swan*, 10 Met. 112. *Mass. Hosp. Life Ins. Co.* v. *Wilson*,

10 Met. 126. In the case last cited, Hubbard, J. is reported to have said, in reference to the rights of parties arising under a mortgage made subsequently to an existing lease for years, that rent which has accrued prior to the entry of the mortgagee does not pass as incident to the reversion, but is a mere chose in action. But the point in controversy before the court did not present that question for its consideration, and the remark made respecting it was not essential to the decision of the case. The expression " prior to the entry " was perfectly correct when applied to the facts stated in the bill of exceptions, because before the actual entry of the mortgagee no notice had been given to the lessee of any conveyance; but it was erroneous if made a part of a statement of the general rule. It was evidently used inadvertently, or it may by mistake have been substituted in the report for " prior to notice of the mortgage," as the authorities referred to in support of the proposition stated by the court very distinctly show that all rent accruing and becoming due after execution of a mortgage made subsequently to an existing lease does pass as incident to the reversion, and may be recovered of the lessee after notice of the conveyance, and without an actual entry by the mortgagee upon the premises.

*Exceptions overruled.*