CASE 7—APPEAL—JUNE 19.

## Adams vs. Settles.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. It is the duty of the clerk of the court to which an appeal is about to be taken, to prepare the appeal bond required to be executed by the party appealing. (*Section* 842, *Civil Code.*)

2. If a party desiring to appeal attempts in good faith to execute a bond, and does in fact execute, with surety, such bond as is prepared for him by the clerk, and it is defective, he should be allowed to execute a new bond, without prejudice to his rights. (*Section* 753.)

CHIEF JUSTICE SAMPSON DELIVERED THE OPINION OF THE COURT:

The appellants in this case filed, in the office of the clerk of the circuit court, a copy of the judgment of the quarterly court, and attempted, in good faith, to execute an appeal bond, as required by the 847*th section of the Civil Code of Practice.* It was the fault of the clerk, and not of the party, that a good bond was not given. By *section* 842 *of the Code* it is made the duty of the clerk "to prepare, in proper manner, every bond to be taken by, or given before, him or his court." He

prepared a blank bond, containing only the style of the court, the names of the parties, plaintiffs and defendant, followed by the words "bond upon appeal," which was dated, signed by the appellants and surety, and attested by the deputy clerk. They executed such bond as was prepared for them by the clerk, and thus attempted, in good faith, to discharge their duty and comply with the law. The deputy clerk no doubt intended to fill up the bond, but neglected to do so; but we cannot think that the party who is not in default should be injured by such neglect on the part of the clerk.

Upon the motion to dismiss the appeal for want of a bond, the appellants asked that the bond on file be filled up, which was permitted by the court, the surety being present and assenting. In this we think the court did right.

The case, in our opinion, is clearly embraced by the spirit, if not the letter, of the 753d *section of the Code.* That section provides that "when any bond provided for by this Code is adjudged defective, a new and sufficient one may be executed in such reasonable time as the court may fix, with the same effect as if originally executed."

The very purpose of the section was to prevent the sacrifice of the rights of parties, through the ignorance or carelessness of the officers taking bonds, where the party was, in good faith, attempting to give the bond required; and is intended to apply to any case in which there is such an attempt. The giving of a new bond, so far from being an injury, is a benefit to the opposite party, by substituting a good for a defective bond; and, by the very terms of the section, the new bond is to be " with the same effect as if originally executed."

It follows, from what we have said, that the court erred in granting a new trial, and dismissing the appeal, and the judgment of the court is reversed, and, upon the return of the cause, the court will re-enter the original judgment in favor of appellants.

Wherefore, the judgment is reversed, and the cause remanded for proceedings in accordance herewith.