## GEORGE W. CASE *v.* JOHN D. STRONG.

**Appeals—Appeal Bonds.**

> Appeal is taken from judgments of quarterly and other inferior courts by producing to the clerk of the court to which it is taken a certified copy of the judgment and amount of the costs and by executing a bond before the clerk with surety to be approved by the clerk, and where the bond is executed the appeal will not be dismissed because of the failure to produce such copy.

### APPEAL FROM WOLFE CIRCUIT COURT.

April 17, 1876.

OPINION BY JUDGE COFER:

Section 847 of the Civil Code provides that appeals from the judgments of quarterly and other inferior courts may be taken in the following manner: "The party appealing shall produce to the clerk of the court to which the appeal is taken a certified copy of the judgment and amount of costs, and cause to be executed before said clerk, by one or more sufficient sureties to be approved by the clerk, a bond, to the effect that the appellant will satisfy and perform the judgment that shall be rendered on the appeal."

The copy of the judgment and certificate of amount of costs are necessary to enable the clerk to know that there has been a judgment, and what security will be sufficient to secure the adverse party, and he might very properly refuse to prepare or accept a bond until they were produced; but if he allows the party to give a bond, and it turns out that the bond is in other respects regular, the appeal will be effectual although the copy and certificate were not filed.

The bond is the essential thing, and when given secures the appellee, whether the judgment was produced to the clerk at or before its execution or not, and the appeal should not be dismissed if upon the hearing of a motion to dismiss a copy of the judgment be before the court; and it appears upon comparing the bond with it that the bond was executed in time and is so far regular in form as to secure the rights of the appellee.

No question was made as to the sufficiency of the bond except on the ground that no copy of the judgment was produced to the clerk at the time it was executed. That the bond appears to have been executed by Hensly in the names of appellant and Hazelrigg did not necessarily vitiate it, and the evidence on that point shows that it was valid and binding upon Hazelrigg from its execution; and the fact that the appellant appeared and prosecuted the appeal was a ratification by him of the act of Hensly in signing his name, and the bond is obligatory upon him. But if it was not that would not be ground for dismissing the appeal.

Judgment *reversed,* and cause remanded with directions to overrule the motion to dismiss the appeal.

*W. H. Holt, for appellant. W. L. Hurst, for appellee.*