# DECISIONS

OF THE

# Kentucky Court of Appeals.

## JANUARY TERM, 1898.

CASE 85—PETITION ORDINARY—January 5.

## Brown v. Bennett.

APPEAL FROM FULTON CIRCUIT COURT.

1. APPEALS FROM INFERIOR COURTS—ISSUAL OF PROCESS.—Upon an appeal to the circuit court from a judgment of the quarterly court, where the process appears in the record to have been directed to a certain county, a mere memorandum of the clerk to the effect that it was originally directed to another county and was changed by his direction, can not be considered a part of the record.

2. APPEALS FROM INFERIOR COURTS—WHAT IS NECESSARY TO PERFECT.—All that is necessary for a party who is appealing from the judgment of an inferior court to do is to file a copy of the judgment, and statement of costs, and cause a supersedeas bond to be executed; while it is true that in order to stay further proceedings on the judgment, and have a trial of the appeal, certain processes must issue, the law makes it the duty of the clerk to issue them, and it is not the appellant's duty, as a condition precedent to his appeal, or as a necessary part thereof, to cause them to issue.

3. PRACTICE IN CIVIL CASES.—The bills of evidence and exceptions not having been filed in the time allowed by the trial court, they will not be considered in this court.

JOHN D. HILL, FOR APPELLANT.

Brown v. Bennett.

1. Actions on appeals from inferior courts are begun by the execution of a supersedeas bond, and either the issuing of a summons, or the making of a warning order, and as all this must, under the statutes, be done within 60 days, there is no authority to do so after the expiration of that time. The motion to dismiss the appeal should have been sustained because the summons was not issued until after the expiration of that time. 1st Bush, 129 and 435; 83 Kentucky, 404; 10 Bush, 96; 83 Kentucky, 149.

M. D. BROWN, OF COUNSEL ON SAME SIDE.

ED. THOMAS AND ROBBINS & THOMAS FOR APPELLEE.

1. The bill of evidence and exceptions not having been filed in the time given by the lower court, it should be stricken from the record. Meadows v. Campbell, 1st Bush, 104; Lynch v. Reynolds, 6 Bush, 547; L. & N. R. R. Co. v. Turner, 81 Kentucky, 490.
2. In an ordinary action, although it was tried by the court, and a jury waived, a motion for a new trial is necessary to enable this court to review any of the lower court's alleged errors. Helm v. Coffee, 80 Kentucky, 176. Henderson v. Dupree, 82 Kentucky, 680.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

On July 23, 1895, a judgment was obtained in the quarterly court of Fulton county by the appellant, Brown, against the appellee, Bennett. Thereupon the latter on September 3, 1895, prosecuted an appeal to the circuit court by executing the usual bond and causing a supersedeas to issue and also a summons for Brown. In the circuit court Brown appeared and moved the court to dismiss the appeal because the summons was not issued to the county of his residence within sixty days after the rendition of the judgment. His motion was overruled and upon the law and facts being submitted to the court judgment was rendered for the appellee, and the appellant's petition was dismissed. His chief complaint

here is that his motion to dismiss the appeal from the quarterly court judgment ought to have prevailed.

It is urged as a reason for such dismissal that the only summons on the appeal which issued within the sixty days was directed to Fulton county, whilst the residence of Brown was in Christian county. And it is supposed that this fact is shown by the following endorsement, made by the circuit clerk on the copy of the judgment filed with him, viz.: "Appeal bond executed, supersedeas and copy issued and summons and copy issued to Fulton county. September 3, 1895."

When the summons is examined, however, it is in fact addressed to the sheriff of Christian county. There is a memorandum in the record before us made by the circuit clerk to this effect: "The above summons never got into the hands of the sheriff of Fulton county, but over the telephone I authorized the defendant's attorney, Mr. Ed. Thomas, at his request, to erase the word 'Fulton' and write the word 'Christian' instead, which he did, and then sent the summons to the sheriff of Christian county, who executed it," etc.

It does not appear when this change in the summons was made, but if we treat this memorandum of the clerk as part of the record, and if it were important in order to perfect the appeal that the process should have been addressed to Christian county, we think the plan pursued was sufficient for the purpose. We can not regard the memorandum, however, as a part of the record. It is in effect the testimony of the clerk on what is supposed by counsel to be an important matter affecting his motion to dismiss the appeal and ought to have appeared in a bill of evidence. We

are to be controlled by the process itself which is directed to the sheriff of Christian county.

While we have thus noticed the contention of counsel, we do not regard the issual of the summons to Christian as at all important.  The authorities relied on by counsel to show that such issual within sixty days was necessary are cases when actions have been held to be barred by limitation unless  the plaintiff filed his petition and caused a summons to be issued before the expiration of the period of limitation. But it was so held because an action is commenced by filing a petition and by causing a summons to be issued, etc. (Section 39, Civil Code.)

An appeal from an inferior court to the circuit court, however, is taken by the complainant producing to the clerk of the circuit court a certified copy of the judgment and amount of costs, and causing to be executed before him a bond, to the effect that the appellant will satisfy the judgment that shall be rendered on the appeal; whereupon, the clerk shall issue an order to the judge, mayor or justice, rendering the judgment to stay proceedings, and to transmit the original papers, and the appellee shall be summoned actually or constructively to appear and defend the appeal.

The party appealing has done all the law requires him to do when he files a copy of the judgment and statement of the amount of costs, and causes the bond to be executed.

It is true that in order to stay further proceedings below and have a trial of the appeal certain process must issue. But it is made the duty of the clerk to issue such process; and it is not made the appellant's duty as a condition precedent to his appeal or as a necessary part thereof to cause it to issue.

Appeals to this court are granted to the appellant upon his filing in the office of the clerk a copy of the judgment from which he appeals, and we find further that, except when the appeal was granted below, "the appellees shall be summoned actually or constructively, pursuant to the provisions of chapter 2 of title 4, to appear and answer the appeal." And this court has held that the appeal was complete upon filing a copy of the judgment appealed from and stopped the running of the statute of limitation on appeals without the issual of a summons. (Jones v. Finnell, 8 Bush, 25.)

Substantially the point involved in the case before us was determined in Greer v. Spencer, 3 Ky. Law Rep., 469.

Counsel also discussed the testimony in the case, but as the bills of evidence and exceptions were not filed within the time allowed by the trial court, they can not be considered. Moreover, there are no grounds or motion for a new trial. (Helm v. Coffey, 80 Ky., 176.)

The judgment is affirmed.