## Caplinger v. Pritchard

Appeal from Trimble Circuit Court.

CHARLES MARSHALL, Circuit Judge.

From the judgment Caplinger appeals.—Affirmed.

1.  Appeal and Error—Bond on Appeal—Failure to Execute—Dismissal.——Under Civ. Code Prac. Sec. 724, providing that on appeal a bond must be executed to the effect that appellant will perform the judgment rendered on appeal, whereupon the clerk of court shall issue an order to the judge of the inferior court to stay all proceedings thereon, the execution of the bond is the basis for the action of the clerk; and, where it was not executed on appeal from the county to the circuit court before him within 60 days after the judgment, as required by law, the appeal was properly dismissed.

2.  Executors and Administrators—Accounting—Enforcement.— While where the settlement of an executor or administrator is contested in the county court, which tries the exceptions on their merits, the remedy of the aggrieved party is by

appeal, where there is no trial and the exceptions are dismissed without a hearing, an action may be instituted in equity in the circuit court to surcharge the settlement and force an accounting.

CLAUDE B. TERRILL for appellants.

G. W. PEAK, EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN— Affirming.

The time is not stated, but prior to the year 1903 appellee was appointed administrator of the estate of J. F. Caplinger, and in the early part of the year 1903 he made a partial settlement, and about November of that year he made what he alleged to be a final settlement. Appellants, the widow and children of J. F. Caplinger, filed exceptions to both settlements. On the 23d day of November, 1903, appellee resigned as such administrator in open court, which resignation was accepted. A rule was awarded against him requiring him to file in the county court by January 15, 1904, a statement or correct copy of a sale bill and an inventory of the estate of J. F. Caplinger, which went into his hands as such administrator. (It is indicated that the originals, if ever filed, were lost.) It appears that he did not respond to this rule, but his attorney did for him and denied the jurisdiction of the court to grant and require him to respond to such a rule, as he was no longer the administrator of the estate, and made the same claim with reference to the exceptions made and filed by the widow and children to his settlements. The matter of exceptions to the settlements was referred to a special commissioner to take proof and report with reference thereto, and as to the state of accounts existing between appellee and the estate. The commissioner

made and filed his report showing that appellee owed the estate about $1,307, but did not file the evidence taken with it. At least it is not copied in the record. Thus matters stood until February 9, 1907, when the county court entered the following order: "Came the parties and F. J. Pritchard, still protesting and ob- jecting to the jurisdiction of the court herein, and all proceedings had thereunder, and the court being ad- vised sustained the demurrer, and refused to consider the exceptions filed by Mrs. Linnie G. Caplinger, Grace Caplinger, by her guardian, and Mabel Cap- linger, and the same are all overruled and dismissed by the court. And the rule heretofore taken is dis- missed. To all of which rulings said Mrs. Linnie G. Caplinger, Grace Caplinger, by her guardian, and Mabel Pritchard (Caplinger) except and pray an appeal to the circuit court which is granted. And it is further adjudged by the court that the said Frank Pritchard recover of the plaintiff his costs herein expended." Appellants appealed from this order to the circuit court, and, failing to get service on appellee, pro- ceeded against him as a nonresident. On the 24th day of February, 1909, plaintiff in the appeal to the circuit court, appellant here, moved the circuit court to submit the case to which defendant in that court, appellee here, objected, as shown by an order of that date. But the action of the court on that motion does not appear. It appears that at the June term, 1909, appellee by attorney moved the court to dis- miss the appeal, because no appeal bond had been executed. Appellants then tendered a bond, the court took the matter under advisement until the 13th day of November, 1909, and then made an order dis- missing the appeal because no bond was executed at

.the time the appeal was taken, nor tendered within 60 days, the time fixed by law, and from that order appellants appealed to this court.

Section 724, Civ. Code Prac., provides that an appeal must be taken by presenting a certified copy of the judgment of the lower court and the amount. of the costs, and causing to be executed before the clerk by. one or more sufficient sureties a bond to the effect that appellant will satisfy and perform the judgment that shall be rendered on the appeal. Whereupon the clerk shall issue an order to the judge of the inferior court to stay all proceedings thereon. This was all complied with, except the execution of the bond. The case of Huggins on Petition, 102 S. W. 849, 31 Ky. Law Rep. 475, was similar to the one at bar, and an appeal bond was not executed as required by the Code, and for this reason the lower court dismissed . the appeal, and was sustained in its action by this · court.

This is conclusive of the case at bar, unless the court erred in refusing to accept the bond tendered by them when the motion was made to dismiss. the appeal for the want of a bond, which was rendered long after the expiration of the 60 days from the. time of the rendition of the judgment in the county court. This court has decided that when a party undertakes to give a bond required by law, and it is defective, the court should permit the party to make the bond perfect, but it has never decided that, when a party fails to execute a bond within the time prescribed by law, he should be permitted, or that the court has power to permit the execution of the bond after the time allowed by law for its execution, and it is our opinion that it is not within the. authority of the court to do so. The section of the Code re-

Caplinger v. Pritchard.

ferred to requires the execution of the bond before the clerk has the authority to issue the order to stay the proceedings on the judgment, and to direct the inferior court to transmit to his office all the original papers in the case, or to issue summons thereon.  The execution of this bond is the basis for the action of the clerk, and, as it was not executed before him within 60 days after the judgment of the county court, the lower court did not err in dismissing the proceeding.  If, however, appellee as administrator still owes the estate on a fair settlement of his accounts, the parties in interest are not without a remedy.  An action may be instituted in equity in the circuit court surcharging his settlements, and force him to account for what he owes the estate.  The proceedings had in the county and circuit courts are not a bar to such an action, as the issues therein were not tried upon their merits, or at all, as expressly shown by the orders of the county and circuit courts.  The rule is well established that when a settlement of a fiduciary is contested in the county court, and that court tries the exceptions on their merits, the remedy of the aggrieved party is by appeal, but not so when there is no trial, and his exceptions are dismissed without a hearing, as in the case at bar.  Bell v. Henshaw, 91 Ky. 430, 15 S. W. 3, 12 Ky. Law Rep. 674, and Turley's Adm'r v. Barnes, etc., 103 Ky. 127, 44 S. W. 446, 19 Ky. Law Rep. 1808.

For these reasons, the judgment of the lower court is affirmed.

CARROLL, J., not sitting.