## Blair v. Basham.

(Decided March 11, 1927.)

### Appeal from Grayson Circuit Court.

1. Courts—Production of Copies of Judgment and Amount of Costs to Clerk in Appealing to Circuit Court is Sufficient Without "Filing" (Civil Code of Practice, Section 724).—Certified copies of judgment and amount of costs need not be "filed" when appealing from quarterly court to circuit court, under Civil Code of Practice, section 724; production to clerk of court being sufficient.

2. Appeal and Error—Presumption Obtains that When Clerk of Circuit Court Accepts Appeal Bond, Certified Copies of Judgments and Amount of Costs Have Been Produced to Him.—Where clerk of circuit court accepts appeal bond, presumption obtains that certified copies of judgment and amount of costs have been produced to him.

MILTON CLARK for appellant.

CHESTER O. CARRIER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Basham recovered a judgment for $200.00 against Blair in the Grayson quarterly court on May 8, 1926. Blair sought an appeal to the Grayson circuit court. On May 4, a bond executed by him for that purpose was approved by the clerk of the Grayson circuit court. On June 7, Basham filed a motion to dismiss the appeal. In support of his motion, Basham filed his own affidavit and that of the circuit clerk to the effect that no copy of the judgment and amount of the costs incurred in the Grayson quarterly court had then been filed in the office of the clerk of the Grayson circuit court, by Blair or by any one for him. Blair filed his affidavit in which he controverts this, and says he procured such certified copies and delivered them to the clerk of the Grayson circuit court, with instructions to file them, and that, if they have been lost or mislaid, it is no fault of his. On August 27, the circuit court sustained Basham's motion, and dismissed Blair's appeal. Blair has filed a copy of this record with the clerk of this court, and has entered his motion for an appeal. By section 724 of the Civil Code, all Blair had to do was to produce to the clerk of the Grayson circuit court a certified copy of the judg-

ment and amount of the costs, and to cause to be executed before that clerk a bond as provided in section 724. He doesn't have to file this statement of costs or this copy of the judgment. The reason they are required to be produced is to enable the clerk of the circuit court to know that there has been a judgment rendered, to know the court by which it was rendered, when it was rendered, and what security will be sufficient on the bond. Unless furnished with these things, the clerk might very properly refuse to prepare or accept a bond. In this case there is no question made about the sufficiency of the bond. It was executed and approved within the sixty days, but the trial court dismissed Blair's appeal because he had not, within the sixty days, filed a copy of the judgment appealed from and amount of the costs. The filing of these papers was not necessary. All he had to do was to produce them to the clerk. No one says he did not produce them. The presumption is that the clerk of the Grayson circuit court did his duty. It was his duty to not accept or approve this appeal bond until these papers were produced to him, and the presumption must be that they were produced to him at the time he took the bond. No one says they were not. The sole basis for the dismissal of this appeal is that they were not filed. That is not necessary.

In Case v. Strong, 9 Ky. Opin., 77, we upheld an appeal to the Wolfe circuit court under circumstances almost identical with this, and in that case, we said that the bond is the essential thing.

In the case of Caplinger v. Pritchard, 136 Ky. 349, 124 S. W. 352, Caplinger had undertaken to appeal to the Trimble circuit court under this same section of the Code. Everything required by this section was fully complied with, except the execution of the bond, and in that case we said:

"The execution of this bond is the basis for the action of the clerk, and, as it was not executed before him within 60 days after the judgment of the county court, the lower court did not err in dismissing the proceeding."

To the same effect is In re Huggins, 31 Ky. L. R. 475, 102 S. W. 849. Therefore Blair's motion for an appeal is sustained. The appeal is granted. The judg-

ment is reversed, and on the return of this case, the trial court will overrule Basham's motion to dismiss and will proceed to try this case on its merits.

The whole court sitting.