## Patterson et al. v. Glover, Drainage Commissioner.

(Decided December 17, 1929.)

T. F. BIRKHEAD and W. G. NEWTON for appellants.

J. H. THOMAS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Homer Glover, as drainage commissioner for the Sam Fergerson district No. 11, in Muhlenberg and McLean counties, filed a petition in the McLean county court on January 13, 1928, to obtain the permission of

the court to levy an additional assessment upon the lands within the district to complete the construction of the drainage canals according to the original specifications under section 2380-5 of Kentucky Statutes. The appellants filed demurrers to the petition, and, the demurrers being overruled, each filed exceptions thereto. The plaintiff demurred to the exceptions, the demurrer was sustained, and, they failing to plead further, judgment was entered as prayed in the petition. They appealed to the circuit court as provided in section 2380-5, Kentucky Statutes, and filed with the clerk of the circuit court within ten days a certified copy of the judgment of the county court, and executed before him a bond, which he accepted, to the effect that they would satisfy and perform the judgment of the court that might be rendered against them on the appeal, signed by the eleven appellants and no one else. On the calling of the case in the circuit court, the drainage commissioner moved to dismiss the appeal on the ground that no bond had been executed as provided by the statute, "with at least two freehold sureties, or some lawful surety company, conditioned that he or they shall prosecute such appeal and pay all costs that may be adjudged against him or them in the circuit court." Thereupon the appellants tendered bond signed by two freeholder sureties as well as themselves, and filed affidavits stating, in substance, that they understood that by the original bond each of them was bound as surety for the other, and that the appeal was taken in good faith, and they asked that the new bond signed by two sureties be then accepted. The court overruled their motion and dismissed the appeal. From this order the eleven property owners, who filed exceptions to the petition, appeal.

It is earnestly insisted that, as these eleven men were freeholders and had each excepted only to the petition as to the tax on his land, when they all signed the bond and bound themselves that they would perform the judgment of the court, each assumed a liability that he was not under before and that the original bond was not insufficient. The court does not find it necessary to determine this question. In Galloway v. Bradburn, 119 Ky. 49, 82 S. W. 1013, 26 Ky. Law Rep. 977, it was held that the Act of February 12, 1828 (Laws 1827, p. 174), providing, in substance, that, where any appeal bond is insufficient or defective, a new bond may be given, is still

in force, and that all such bonds, whether provided by the Code or not, fall within section 134 of the Civil Code of Practice.

It is earnestly insisted that this is not a case of a defective bond, but is a case of a void bond. In Adams v. Settles, 2 Duv. 76, the clerk prepared a blank bond containing only the style of the court, names of the parties plaintiff and defendant, followed by the words, "bond upon appeal," which was dated, signed by appellant and his surety, and attested by the clerk. Upon motion to dismiss the appeal for want of bond, the appellants asked that the bond on file be filled out. The surety being presented and assenting, this was done and was upheld by this court. The court said: "The very purpose of the section was to prevent the sacrifice of the rights of parties, through the ignorance or carelessness of the officers taking bonds, where the party was, in good faith, attempting to give the bond required; and is intended to apply to any case in which there is such an attempt. The giving of a new bond, so for from being an injury, is a benefit to the opposite party, by substituting a good for a defective bond; and, by the very terms of the section, the new bond is to be 'with the same effect as if originally executed.' "

In Watters v. Patrick, 1 Bush, 223, the bond was not executed or taken before the clerk, and the appellant offered to give a new bond. Following the above case, the court said: "As the court had adjudged the bond already taken to be insufficient, we are clerly of opinion that the appellant should have been permitted to cure the irregularity by giving a sufficient bond, as he offered to do."

To the same effect see Manier v. Lindsey, 3 Bush, 94.

Again, in Hargis v. Pearce, 7 Bush, 234, the court laid down the rule that, after anything in the form of a bond is executed and returned, it is the duty of the court to permit the modification and perfection of it nunc pro tunc. These cases have never been departed from. It was the clear purpose of the statute that the right of appeal should not be defeated where an honest effort had been made to execute a bond and for some reason it was not properly executed.

It is earnestly insisted that the clerk did not approve the new bond that was tendered, but it was not necessary for the clerk to approve this bond. The bond was ten-

dered to the court, and the court could determine whether it was sufficient or insufficient.

Judgment reversed, and cause remanded for further proceedings consistent herewith.