## Commonwealth v. Bates.

(Decided October 28, 1930.)

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellant.

J. M. KENNEDY for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The commonwealth seeks to reverse an adverse judgment rendered on an appeal from the county court, upon the ground that the circuit court had not acquired jurisdiction of the case.

A warrant had been issued by the county judge against Josh Bates for an alleged violation of the prohibition law. He was convicted in the county court, and his punishment fixed at a fine of $100 and confinement for thirty days in the county jail. On the day the judgment was rendered in the county court, Bates went before the clerk of the Wayne circuit court and executed a bond in form and substance as prescribed by section 364 of the Criminal Code of Practice. Bates did not present to the clerk of the circuit court a copy of the warrant or judgment or a statement of the costs. All he did was to execute bond. Thereafter, and more than sixty days subsequent to the rendition of the judgment, Bates appeared in the circuit court by his attorney and entered a motion to have the case docketed, to which the commonwealth objected. Several days later the defendant produced and filed the original warrant which had been issued by the county judge, and a certified copy of the judgment of the county court, together with a taxation of the costs. This was done nearly six months after the judgment had been rendered. The commonwealth entered a motion to strike the case from the docket and to dismiss the appeal because it was not prosecuted in conformity to the Criminal Code. The motion was denied, and upon a trial of the case before a jury a verdict was directed for the defendant. The commonwealth has prosecuted an appeal from the judgment to determine whether the circuit court in the circumstances shown acquired jurisdiction of the appeal.

The Criminal Code of Practice provides, in substance, that, if the defendant desires to appeal from the judgment of a county judge, or of the other inferior mag-

istrates named, he shall obtain from the clerk of such court, or from the judge thereof (1) a copy of the warrant, and (2) a copy of the judgment, and (3) a statement of the costs, and file them in the clerk's office. He must also cause to be executed, by good surety, to be approved by the clerk, a covenant to pay the costs of the appeal, in the event of an affirmance of the judgment. And, if he desire that the judgment be suspended pending the appeal, a further covenant to perform the judgment that may be rendered on the appeal must be executed. Section 364. By another section of Criminal Code of Practice the appeal may not be prosecuted after sixty days from the rendition of judgment. Section 369. There is no difficulty to be encountered in following the simple steps provided by law for taking an appeal, and the officers should insist upon substantial compliance therewith. But it does not follow that a circuit court does not obtain jurisdiction of an appeal unless every detail of the regular order is observed. It does not appear that the particular provision of the Criminal Code has been construed by this court. But section 724 of Civil Code of Practice, providing for appeals from inferior courts, is expressed in substantially the same language. It provides that the party appealing shall produce to the clerk of the court to which the appeal is taken "a certified copy of the judgment and amount of costs, and cause to be executed before him, by one or more sufficient sureties to be approved by him, a bond to the effect that the appellant will satisfy and perform the judgment that shall be rendered upon the appeal." In administering that section it has been held that issuing process upon the appeal, within sixty days after judgment, is not a condition precedent to jurisdiction of an appeal from a quarterly court to a circuit court; it being sufficient to file a copy of the judgment and a statement of the costs and to execute a bond within that time. Brown v. Bennett, 102 Ky. 518, 44 S. W. 85, 19 Ky. Law Rep. 1579. In Case v. Strong, 9 Ky. Op. 77, the exact question we have here was presented in a civil case. The appellant had executed the bond required by the Civil Code within the time limit, but had not produced to the clerk the other documents demanded by the statute. The court pointed out that a copy of the judgment and certificate of the costs were necessary to enable the clerk to know there had been a judgment and what security would be sufficient to secure the rights of

the adverse party. If the copies were not presented to him, he might very properly refuse to prepare or accept a bond until they were produced. Yet, if the clerk does not stand upon his strict rights, but permits the bond to be executed, and it is regular in all respects and sufficient to protect the adverse party, the court acquires jurisdiction of the appeal, and may allow it to be perfected. It was said that the bond was the essential thing to the jurisdiction of the court, and all the other steps were procedural. In Caplinger v. Prichard, 136 Ky. 349, 124 S. W. 352, a reverse situation appeared. No bond had been executed, but everything else prescribed by the Code as to the manner of taking an appeal had been done. The court held that the execution of the bond was the foundation of the jurisdiction on appeal, and, if it was not given within the time allowed, the appeal could not be entertained. The same decision had been rendered in Re Huggins, 102 S. W. 849, 31 Ky. Law Rep. 475. The principle of these authorities was recently applied in Blair v. Basham, 218 Ky. 775, 292 S. W. 300.

After the court has acquired jurisdiction of an appeal, it has a judicial discretion respecting amendments which applies to the matter of perfecting the procedure to complete the transfer of the case from one court to the other. Civ. Code Practice, Secs. 134, 682; Patterson v. Glover, Drainage Commissioner, 232 Ky. 145, 22 S. W. (2d) 595; Galloway v. Bradburn, 119 Ky. 49, 82 S. W. 1013, 26 Ky. Law Rep. 977. No reason is suggested why the ruling in civil cases should not be observed in construing the Criminal Code when the language is substantially the same. It is important, in order to avoid confusion and the sacrifice of rights, that similar expressions dealing with the same general subject should be given a uniform construction. 36 Cyc. p. 1147; Commonwealth v. International Harvester Co., 131 Ky. 551, 115 S. W. 703, 133 Am. St. Rep. 256. In view of the authorities mentioned, the circuit court did not err in holding that it had acquired jurisdiction of the appeal in this case. Nor was an abuse of discretion involved in allowing the appeal to be perfected. Of course, the county judge was entitled to enforce the judgment of the county court without reference to the appeal until the supersedeas was duly served. It would be well for the officers, as well as attorneys, in every instance, to insist upon sub-

stantial compliance with the provisions of the Criminal Code of Practice.

In view of the fact that the circuit court had jurisdiction of the case, and the defendant has been acquitted, we do not find it necessary to review the jury trial.

The judgment is affirmed.