Cleophas WHITE et al., Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 9, 1972.

David Kaplan, Kaplan, Lyon & Brady, Louisville, for appellants.

John B. Breckinridge, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Judge.

These proceedings originated in the Louisville Police Court and come to us on appeals from a judgment entered by the Jefferson Circuit Court following a trial de novo before a jury. It is our opinion that the circuit court had no jurisdiction to entertain the cases and that its judgment was void. We dismiss the appeals sua sponte upon the ground that there is no valid judgment from which an appeal can be taken. Cf. Burbage v. Squires, 60 Ky. 77, 3 Metc. 77 (1862).

RCr 11.04 specifies what a judgment in a criminal case shall contain. It applies to police courts as well as to other courts. RCr 12.02 provides the manner in which an appeal can and must be taken to a circuit court. The prime requirements are a certified copy of the judgment from which the appeal is taken, with a statement of cost endorsed upon it, and a bond securing costs and performance. KRS 25.070 provides that appeals from police and other courts below the circuit courts shall be taken as required by the Civil Rules or as required by any applicable statute. RCr 12.-02 is the counterpart of CR 72.01 and is the equivalent of an "applicable statute."

Since a judgment may not necessarily show the charge on which the defendant was tried, RCr 12.02 provides that when an appeal is taken the clerk of the circuit court shall issue an order to the judge of the lower court (1) to stay proceedings on the judgment and (2) *to transmit to the*

*circuit clerk all the original papers in the prosecution.*[1]

In the cases now under consideration a controversy developed during the course of the proceedings in circuit court as to whether the appellants were being tried on the same charges on which they had been tried in police court. Unfortunately, the original papers had not been ordered up and the copies of the purported judgments from the police court were not sufficiently informative to resolve the question. Apparently the prosecution was thereupon allowed to "elect" the charges to be tried. We recite these details only to illustrate the reason for the procedural rules heretofore mentioned. That a judgment, at least in a court of record, should have the support of some basic pleading or pleadings disclosing the subject-matter of the litigation would seem rudimentary.

■ The copies filed by the appellants with the circuit court clerk were not certified copies, but were "attested" by their counsel. Had they been properly certified they still would have been insufficient, because (if they are accurate) the judgments were signed by a clerk of the police court but not by the judge. There can be no judgment without the signature of a judge somewhere along the line.

The appellants did comply with the bond requirements of RCr 12.02, and it was held in Commonwealth v. Bates, 235 Ky. 763, 32 S.W.2d 334 (1930), that if the bond is timely filed the appeal may be perfected by a later filing of the copies of the judgment and warrant. In this case there was no later filing of anything, which would distinguish it from *Bates.* But we need not rely on the distinction. The court in *Bates*

relied expressly upon a policy of achieving uniformity with the construction then prevailing under the Civil Code of Practice. Under the rules of civil procedure adopted since that time it has been consistently held that a certified copy of the judgment is mandatory. Pendleton v. Commonwealth, Ky., 349 S.W.2d 832 (1961); Bullitt County v. Stout, Ky., 422 S.W.2d 133 (1967).[2]

It is our conclusion that the purported appeals from the police court in these cases should have been dismissed on the court's initiative for lack of jurisdiction, despite the prosecuting attorney's apparent failure to discover the defect and raise it by motion.

The judgment being void, the appeals are dismissed.

All concur.

---

1. Sec. 364 of Criminal Code of Practice, which preceded the Rules, called for "a copy of the warrant or summons, if any," along with the judgment.

2. Ordinarily the question arises on the adverse party's motion to dismiss. It was held in Duncan v. O'Nan, Ky., 451 S.W. 2d 626, 631–632 (1970), that a party

who has affirmatively alleged jurisdictional facts may not, after trial, withdraw or refute those allegations, but in this instance the effect was obvious on the face of the record and there were no allegations with respect to jurisdictional elements. In *Duncan* the statement of appeal included a certified copy of a judgment which appeared on its face to be regular.