Steve PERKINS, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

Aug. 9, 1985.

Julie Namkin, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, GUDGEL and WHITE, JJ.

COMBS, Judge:

This is an appeal from the judgment of the Casey Circuit Court which convicted appellant of two counts of second-degree criminal possession of a forged instrument under KRS 516.060.

Appellant, Steve Perkins, was charged with possessing and uttering two forged checks in the amount of $60 and $50, with the knowledge that they were forged and the intent to defraud, deceive, or injure two local businesses. At trial, the prosecutor demonstrated that the $60 check was drawn on the account of one Irvine Short in the Farmer's Deposit Bank, and made payable to a David Harris. Mr. Short's daughter testified that Mr. Short is 82 years old and has no account at the Farmer's Deposit Bank, although he banked there eight or nine years ago. After examining the $60 check, she stated that the signature on the check was not her father's.

The state also introduced the testimony of Janice White, the employee who accepted the $60 check from appellee. Ms. White identified appellant as the person who endorsed the check as "David Harris" in her presence and testified that the check was later rejected by the bank.

The Commonwealth presented essentially the same evidence from the employee who accepted the $50 check. However, the prosecutor neglected to show the $50 check to Irvine Short's daughter, and the record contains no other evidence that the instrument was a forgery.

Appellant does not challenge his conviction under Count 1 of the indictment, but argues that this conviction under Count 2 must be reversed because the Commonwealth failed to show that the $50 check was forged. In order to find appellant guilty of possessing and uttering the $50 check in violation of KRS 516.060, the jury had to believe beyond a reasonable doubt:

(1) That Mr. Perkins had in his possession a written instrument purporting to be a check signed by Irvin Short and drawn upon the Farmer's Deposit Bank of Middleburg, Kentucky, in the amount of $50.00;

(2) That Irvin Short had not signed the check or authorized it to be signed for him;

(3) That Mr. Perkins knew that Irvin Short had not signed or authorized the check to be signed for him; and

(4) That Mr. Perkins possessed said check with the intent to defraud, deceive, or injure another.

 The record reveals no evidence that the $50 check was forged, so the Commonwealth failed to prove an essential element of the crime beyond a reasonable doubt. Therefore, appellant's conviction under Count 2 of the indictment is not supported by the evidence and must be reversed as violative of due process. *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Because we reverse due to the insufficiency of the evidence, the double jeopardy clause of the Fifth Amendment precludes appellant's retrial for this same offense and this case must be dismissed. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

 Appellee argues that these errors are not preserved for our review since appellant made no motion for a directed verdict at any point during the trial. Ordinarily we would agree with appellee, but a conviction in violation of due process constitutes "[a] palpable error which affects the substantial rights of a party" which we may consider and relieve even though it was insufficiently raised or preserved for our review. *See* RCr 10.26.

The judgment of the Casey Circuit Court is reversed with directions to dismiss the charges under Count 2 of the indictment.

WHITE, J., concurs.

GUDGEL, J., dissents by separate opinion.

GUDGEL, Judge, dissenting.

I respectfully dissent. Appellant concedes that he did not preserve the issue as to the sufficiency of the evidence under Count 2 of the indictment for review. Further, the evidence of guilt in my opinion was overwhelming. I fail to perceive, therefore, that any manifest injustice occurred. Hence, I would affirm the court's judgment.