**John Lee LISLE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2007–CA–002240–MR.

Court of Appeals of Kentucky.

June 26, 2009.

Susan Jackson Balliet, Department of Public Advocacy, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Henry Flores, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; WINE, Judge; BUCKINGHAM,[1] Senior Judge.

## OPINION

WINE, Judge.

Appellant, John Lisle ("Lisle"), appeals as a matter of right from his conviction for fourth-degree assault, third offense, violation of a domestic violence order ("DVO") and being a persistent felony offender in the first degree ("PFO I"). He argues that the trial court erred by failing to grant a directed verdict on the DVO violation and fourth-degree assault, third offense, charge; by mis-trifurcating the repeat offender proceedings; and by failing to instruct the jury that the fourth-degree assault, third offense, charge could be treated as a misdemeanor. We reverse in part on the issue concerning sufficiency of the evidence for fourth-degree assault, third offense. However, we affirm in part as to the convictions for fourth-degree assault and violation of a DVO and remand those convictions for purpose of sentencing before the trial court.

## Background

On February 11, 2007, Lisle returned home to his girlfriend's house after staying out all night. His girlfriend, Angela Campbell ("Campbell"), had asked Lisle to purchase groceries on the previous day. Lisle, apparently making amends for staying out all night, brought groceries and liquor home to Campbell on the morning of February 11th. Campbell and Lisle both consumed alcohol, and thereafter, Lisle made sexual advances towards Campbell which were rebuffed. Lisle, angered, began to beat Campbell, striking her in the face and hitting her.

Campbell then agreed to be intimate with Lisle, at which point the violence ceased and he went to the bedroom. He passed out almost immediately, and Campbell called 911 as soon as Lisle fell asleep. She hung up before anyone answered. The emergency service attempted to call the home several times with no answer and officers were dispatched to the scene. When officers arrived, they observed Campbell's injuries and found them to be consistent with the story she related. Lisle was arrested for fourth-degree assault, third offense, and violation of a DVO ordering that he have no violent contact with Campbell. After a jury trial, he was convicted of both charges, as well as PFO I, and sentenced to fourteen-years' imprisonment by a Fayette County jury.

## Directed Verdict on the *Assault Fourth, Third Offense,* Charge

▮ Lisle was convicted of fourth-degree assault, third offense, under Kentucky Revised Statute ("KRS") 508.032 for assault of a family member or a member of an unmarried couple. He argues that a directed verdict should have been granted on the charge because the prior assaults requisite for the crime were not supported by the evidence. Specifically, he contends that the documentary evidence supplied by the Commonwealth was insufficient for a jury to conclude beyond a reasonable doubt that he had previously been convicted of assault of a family member. Lisle admits that this issue is not preserved for review, but contends that review for palpable error pursuant to Kentucky Rules of Criminal Procedure ("RCr") 10.26 is proper because it is "an error of Constitutional

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief

Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

magnitude" affecting his substantial rights. We agree. *See Schoenbachler v. Commonwealth,* 95 S.W.3d 830, 836 (Ky.2003); *Miller v. Commonwealth,* 77 S.W.3d 566, 576 (Ky.2002).

■ "To prove palpable error, [an] [a]ppellant must show the probability of a different result or error so fundamental as to threaten his entitlement to due process of law." *Brooks v. Commonwealth,* 217 S.W.3d 219, 225 (Ky.2007). On appellate review, the focus is on "whether the defect is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process." *Martin v. Commonwealth,* 207 S.W.3d 1, 5 (Ky.2006).

For a criminal defendant to be convicted of fourth-degree assault, third offense, under KRS 508.032, two prior assault convictions involving family members must be proven by the Commonwealth. KRS 508.032. The statute reads in pertinent part:

If a person commits a third or subsequent offense of assault in the fourth degree under KRS 508.030 within five (5) years, and the relationship between the perpetrator and the victim in each of the offenses meets the definition of a family member or member of an unmarried couple, as defined in KRS 403.720, then the person may be convicted of a Class D felony. If the Commonwealth desires to utilize the provisions of this section, the Commonwealth shall indict the defendant and the case shall be tried in the Circuit Court. . . .

KRS 508.032.

"Member of an unmarried couple" is defined in KRS 403.720(3) as ". . . each member of an unmarried couple which allegedly has a child in common, any children of that couple, or a member of an unmarried couple who are living together or have formerly lived together."

It is an issue of first impression in the Commonwealth whether this family violence statute is a mere "enhancement" statute for which the prior convictions involving spouses or family members are just "sentencing factors" or if they are "elements" which must be proven beyond a reasonable doubt by the Commonwealth. The lack of Kentucky cases on point stems from the unique nature of this statute. Most enhancement cases deal with conduct within the offense charged. For example, rape may be enhanced to a Class A felony where serious physical injury results. In this situation, the "serious physical injury" component occurs as part of the conduct within the charged offense of rape. The other analogous cases are DUI cases. However, they differ because the DUI statute merely requires proof of prior convictions. In that situation, the Commonwealth need not prove anything other than the occurrence of the prior offense(s). KRS 508.032 requires both present and past conduct, and the Commonwealth must prove not only that a prior offense occurred, but also that the victim of that offense was a family member or a member of an unmarried couple.

Only a handful of other jurisdictions have reported cases on statutes similar to the present one, and only the state of Texas has dealt with the exact issue herein. We find it instructive that there exists a split among the Texas Appellate Courts as to whether the prior family violence requirement should be treated as an essential or jurisdictional element of the felony offense. *Compare Sheppard v. State,* 5 S.W.3d 338, 340 (Tex.App.1999) (treating a prior conviction for family violence as an essential element of the felony assault offense) *and State v. Cagle,* 77 S.W.3d 344, 346 n. 2 (Tex.App.–14th 2002) (treating a prior conviction for family violence as an enhancement provision rather than an essential element of the felony charge). *See also Zavala v. State,* 2007 WL 135979 at 1 n. 2 (recognizing the split between *Sheppard* and *Cagle* ).

In the landmark case of *Apprendi v. New Jersey*, the United States Supreme Court noted that "[l]abels do not afford an acceptable answer" and opined that this "point applies as well to the constitutionally novel and elusive distinction between 'elements' and 'sentencing factors'." *Apprendi v. New Jersey*, 530 U.S. 466, 494, 120 S.Ct. 2348, 2365, 147 L.Ed.2d 435 (2000), citing *State v. Apprendi*, 159 N.J. 7, 20, 731 A.2d 485, 492 (1999). The *Apprendi* Court remarked that "the relevant inquiry is one not of form, but of effect—does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id.*

■ Following *Apprendi*, the Kentucky Supreme Court held in *Dixon v. Commonwealth*, 263 S.W.3d 583, 590 (Ky.2008), that "serious physical injury" is an element which must be proved beyond a reasonable doubt in cases where the Commonwealth seeks to have rape offenses enhanced to Class A felonies. Our Court had previously followed *Apprendi* in similar cases, for example, holding that "possession of a firearm" was an element of the offense for the firearms enhancement statute. *Johnson v. Commonwealth*, 105 S.W.3d 430, 435 (Ky. 2003).

We are persuaded by the approach that a prior conviction for family violence is an essential element of the felony assault offense. While the analogous statute KRS 189A.010(5) (the "DUI statute") is viewed as merely an enhancement statute, it does not require any additional proof beyond the existence of prior DUI convictions. *See, e.g., Commonwealth v. Duncan*, 939 S.W.2d 336 (Ky.1997); *Commonwealth v. Ramsey*, 920 S.W.2d 526, 528 (Ky.1996). In addition to the elements necessary to prove fourth-degree assault, KRS 508.032 requires: (1) proof of prior conviction(s); (2) proof that the prior conviction(s) oc-

curred within the past five years; *and* (3) proof that the prior victim(s) were a family member or member of an unmarried couple. We are further guided by the fact that an action under KRS 508.032 originates in the circuit court as a felony offense, whereas violations of KRS 508.030 originate in the district court. A separate element, other than the prior conviction, is required under KRS 508.032: *proof of the identity of the victim and the nature of the relationship between the perpetrator and the victim.*

In the present case, the Commonwealth introduced evidence to prove two prior assault convictions involving domestic violence. The Commonwealth had the Circuit Clerk authenticate the case jackets, uniform citations, and dockets for the cases via affidavit. However, the Commonwealth did *not* have the clerk authenticate that they resulted in convictions. Commonwealth's Exhibit "A" for the first alleged prior assault conviction consisted of a case jacket, a uniform citation, and a docket dated August 17, 2006. A handwritten name, "G.P. Thornton," and a handwritten notation, "15 days w/cr" appear on the exhibit. Lisle is described as the victim's live-in boyfriend. Furthermore, the victim's name was Angela Campbell, presumably the same Campbell in the case below. Commonwealth's Exhibit "B" for the second alleged prior assault conviction again consisted of a case jacket, uniform citation, and docket with handwritten notations. On the front of Exhibit "B," a notation appears stating "See motion for change of plea on back." On the back of the exhibit, handwritten notations read: "GP Bell, (1) 42 days w/c pay cc Raise LA 150 cc." The last page of Exhibit "B" is signed by a judge; however no judge's signature appears on Exhibit "A." Exhibit "A" fails as a judgment under RCr 11.04 because it lacks a judge's signature. Further, on Exhibit "B," not only is the victim not named, but the relationship is de-

scribed only as an "intimate physical relationship with one another" and "girlfriend (intimate)." Obviously, such a relationship can exist independent of living together presently or in the past. Thus, the Commonwealth failed to prove with Exhibit "B" that there was a prior conviction for the assault of a family member or member of an unmarried couple.

■ Although the Commonwealth contends that there may have been a judge's signature that was "cut off" by a photocopier, we cannot allow a conviction to stand on such a speculative assertion. Indeed, "[t]here can be no judgment without the signature of a judge somewhere along the line." *White v. Commonwealth,* 481 S.W.2d 656, 657 (Ky.1972). Nor can we allow a conviction to stand based upon speculation that an intimate relationship means the parties either live together now or in the past or have a child together. While we regret that the Commonwealth obviously believed their exhibits to be sufficient, we cannot allow inferior evidence to stand when such serious consequences may stem from a mistake in this regard. The Commonwealth should exercise caution in such cases to ensure that exhibits purporting to evidence prior judgments conform to the requirements of RCr 11.04. The Commonwealth's failure to prove an essential element of a crime is necessarily palpable because the Due Process Clause protects a criminal defendant against conviction except upon proof beyond a reasonable doubt of each fact necessary to prove all the elements of a crime. *Perkins v. Commonwealth,* 694 S.W.2d 721, 722 (Ky. App.1985); *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970).

Finally, although there will not be a retrial of the present case as to the felony charge of fourth-degree assault, third offense, it is worth mentioning as guidance to the courts that it would be error for the trial judge to fail to give instructions to the jury that they could treat the fourth-degree assault, third offense, charge as *either* a misdemeanor or a felony. The peculiar, if not unique, language of the statute provides, "[t]he jury, or judge if the trial is without a jury, may decline to assess a felony penalty in a case under this section and may convict the defendant of a misdemeanor." KRS 508.032. Thus, even if the legally sufficient prior assault convictions are introduced into evidence and the jury or judge believes the defendant has committed a total of three or more domestic assaults, there is no requirement that a felony sentence be imposed. In this case, the jury's only option—per the instructions—was to convict Lisle of a felony. This error was magnified by the fact that the felony was used to support a PFO I enhancement, resulting in a total sentence of fourteen-years' imprisonment. However, the failure to so instruct had no effect on the underlying conviction of fourth-degree assault, as the court properly instructed the jury as to the misdemeanor charge for which Lisle was convicted.

### Failure to Try the Assault and Violation of a DVO Charges Separately; Failure to Grant a Directed Verdict on the Violation of a DVO Charge

■ Contrary to appellant's position, we believe neither of these arguments was properly preserved. Trial counsel agreed to try both offenses together as part of the first phase of the trial. At no time did trial counsel raise a question of whether Lisle had notice of an outstanding DVO. The generic directed verdict motion is insufficient for appellate review. Kentucky Rules of Civil Procedure ("CR") 50.01; *Pate v. Commonwealth,* 134 S.W.3d 593 (Ky.2004). We further do not believe that review for palpable error pursuant to CR 10.26 is necessary because we find no error of constitutional magnitude affecting his substantial due process rights.

## Conclusion

As we are reversing based upon insufficiency of the evidence, retrial for the fourth-degree assault, third offense, charge is precluded under the double jeopardy clause of the Fifth Amendment. *Burks v. United States,* 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978). In consideration of the foregoing, we reverse the judgment of the Fayette Circuit Court and vacate the corresponding sentence for this offense as well as the PFO enhancement. As to the convictions for fourth-degree assault and violation of a DVO, we remand for imposition of sentence by a jury or judge.

ALL CONCUR.