JUD&E BULLITT
delivered the opinion oe the court:'
This is a proceeding against the appellant, who is under the age of 21 years, to compel him to support a bastard child, of which he is alleged to be the father. In May, 1862, he was arrested, and entered into a recognizance to appear in the Muhlenburg county court on the first day of its next June term. At that term he failed to appear, and his recognizance was declared forfeited, and, as the record states, the cause was continued “on the motion of the defendant by his attorney.” At the July term the defendant again failed to appear and, as the *67 record states, B. E. Pittman, as his attorney, and Richard Chandler, as his agent, moved for a continuance, upon the ground, sustained by affidavits, that defendant was then, and for more than six months had been, a soldier in the army of the United States, and was then in the service of said army and absent from said county. But the motion was overruled, and, upon a trial, the jury found the defendant guilty, and the court, in accordance with the verdict, adjudged that he be charged with the annual sum of $25 during the next eleven years, and that he should execute bond, with surety, therefor, on or before the second day of that term ; and that defendant having failed to execute said bond, the court afterward ordered that he be committed to jail until he should execute such bond or pay the money, or be discharged as an insolvent debtor; to reverse which orders this appeal was prosecuted.
1. It is contended that the county court, upon defendant failing to appear, had no authority to do anything more than to take proceedings for enforcing a forfeiture of the recognizance ; and that a new warrant and arrest were necessary to authorize a judgment against him for the support of the child. We are of a different opinion. It was his duty to appear as he had bound himself to do, and he could not, by failing to appear, deprive the court of its jurisdiction over the case. This is not a criminal, but a civil proceeding, the chief object of which is the benefit of the mother and child. (Schooler vs. Commonwealth, Litt. Sel. Cas. 91 ; Hamilton vs. Same, 3 Mon., 214; Burgen vs. Straughan, 7 J. J. Mar., 584-5.) Neither of them can have any benefit from the forfeiture of the recognizance ; and if the defendant, by failing to appear, can deprive the court of its jurisdiction over the case, neither the mother nor child can have any benefit whatever from the proceeding, but a new proceeding must be instituted. True, final relief cannot be given unless the defendant shall appear or be arrested ; but, in our opinion, if his presence had been deemed necessary to authorize a trial, the Legislature would, as in criminal cases, have authorized process to compel his appearance, upon his failing to appear in compliance with his recognizance. According to our view, the court may give re *68 lief in such cases by trial and judgment against the defendant, upon his failure to appear, and, by an attachment, to compel performance of the judgment. But, according to the view urged by appellant’s counsel, a defendant in a bastardy case may forever prevent the giving of any relief to the mother and child, because, as often as he is arrested, he may give a recognizance, in the sum of $300, to appear, and then can end the proceeding by failing to appear. Finally, it must be remarked, that, though the framers of the Revised Statutes adopted most of the ¡¡provisions of the bastardy act of 1795, (1 S. L., 238,) they omitted the following provision contained in that act: “And, on the person so charged with being the father of any bastard child appearing in court, such court shall proceed to hear and determine the charge against such person.” In view of that omission, and of the other considerations above mentioned, we are clearly of the opinion that, under the Revised Statutes, chap. 6, an appearance by a defendant is not necessary to authorize a trial of a bastardy case.
2. It is contended that the appellant is not subject to the liabilities imposed by said statute, because he is an infant. According to the evidence he was in the 19th year of his age when the child was begot. It is not contended that he was incapable of begetting a child, but is insisted that the statute, though general in its terms, only applies to adult fathers. No authority is cited in support of this position ; nor do we perceive any reason for excepting acts of this character from the operation of the general rule of law, which holds infants liable, like adults, for their tortious acts.
3. It is contended that the appellant was entitled to a continuance because he was a soldier in the army of the United States, then in the service, and absent from the county.
In pur opinion he was not entitled to a continuance by virtue of the act entitled, “An act for the benefit of soldiers in the armies of the State of Kentucky and the United States,” approved March 11, 1862, (acts of regular session, 1861, page 69,) for two reasons : 1st. That act only applies to “ cases of prosecutions for crimes and misdemeanors,” and this, as we have shown, is not such a case, but is in the nature of a civil *69 proceeding. 2ndly. That act only entitles the defendant to a continuance where he has volunteered and entered the military service since the commencement of the proceedings; whilst the evidence shows that the appellant entered the service before the commencement of this proceeding.
Nor was he entitled to a continuance by virtue of the act entitled, “ an act to regulate proceedings in civil cases,” approved March 8,1862, (acts of regular session, 1861, page 67,) because that act only applies to “ actions, either by ordinary or equitable proceedings,” and this was not such an action. To ascertain what was an action by ordinary or equitable proceedings, when this act was passed, we must look to the Code of Practice. The preliminary provisions of the Code contain these provisions :
“§ 2. Remedies in civil cases in the courts of this State are divided into two classes — 1. Actions. 2. Special proceedings.
§ 3. A civil action is an ordinary proceeding in a court of justice by one party against another, for the enforcement or protection of a private right, or the redress or prevention of a private wrong. It may also be brought for the recovery of a penalty or forfeiture.
§ 4. Every other remedy in a civil case is a special proceeding.”
Title 1, section 3, declares that, “The proceedings in a civil action may be of two kinds: 1. Ordinary. 2. Equitable.” And chapter 4, section 28, gives jurisdiction to the county court in certain “civil proceedings,” including cases of bastardy. Under these provisions of the Code, the case under consideration is a special proceeding and not an action. It is clear that the liability imposed by the Revised Statutes upon the father of a bastard child, is not a forfeiture; nor is it a penalty, as was decided in the cases cited above. The right which it confers on the county courts to compel the father to keep, maintain, and educate the child, is not, in our opinion, a private right within the meaning of the Code ; if it is, it is aright of the child, and not of the commonwealth, in the name of which the proceeding is carried on, nor of the mother at whose *70 instance it is prosecuted, and without whose consent it cannot be instituted So that, at any rate, it is not “ a proceeding by one party against another for the enforcement of a private right.”
4. But, in our opinion, the court below erred in failing to appoint a guardian ad litem, for the appellant. Though an infant may be held liable under the bastardy act, he must first be found guilty, and is entitled to the same protection with reference to the trial of the question, as in other civil cases. He cannot appoint an agent or attorney. He must be defended by a guardian ad litem.
5. The court below also erred in permitting the mother to testify that the defendant had promised to marry her, though the court, “ in overruling the objection to the question, told the jury that the answer was admissible, but not for the purpose of increasing the damages against the defendant.” If it had been admissible for any purpose, the jury should have been told what the purpose was. But, in our opinion, it was not admissible for any purpose. The child was equally a bastard whether it was begot with or without a promise of marriage; and the evidence of the promise may have prejudiced the minds of the jury, and caused them to increase the sum with which they charged the defendant, although they were told that the evidence was not admissible for that purpose.
The judgment is reversed, and the cause remanded for a new trial and other proceedings not inconsistent with this opinion.