CASE 7—BASTARDY WARRANT—OCTOBER 15.

# Wiggins v. Commonwealth.

### APPEAL FROM ROBERTSON CIRCUIT COURT.

1. BASTARDY—APPEALS.—Upon an appeal by the defendant in a bastardy proceeding to the circuit court from a judgment of the county court, the circuit court on motion to dismiss the warrant for want of prosecution, was not authorized under the provisions of section 730 of the Civil Code, to render judgment against him for the amount of the original judgment in the county court; he having prosecuted his appeal diligently was entitled to a trial, *de novo* in the circuit court.

2. CONTEMPT—INTERFERENCE WITH WITNESSES.—Affidavits to the effect that appellant and his friends had been instrumental in keeping the prosecuting witness from attending the trial showed only a contempt of court, and did not authorize the court by way of punishment to render judgment against appellant on a claim, the merits of which had not been tried.

WINFIELD BUCKLER FOR APPELLANT.

1. The statements of the affidavits, if they show anything, prove only that the appellant was guilty of a contempt, and the law does not authorize a court to punish one in contempt by rendering a judgment against him in the case in which the contempt was committed without a trial thereof. Arnold v. Commonwealth, 80 Ky., 300; *in re* Wooley, 11, Bush, 95; Amer. Law Reg., vol. 2, p. 124; *ex parte* Landon, 25 Ver., 680; *ex parte* Cooper, 32 Ver., 253; 24 Texas, 14; 37 Texas, 341.

J. J. OSBORNE FOR APPELLEE.

1. Under the provisions of section 730 of the Civil Code, if the appellant failed in the circuit court to prosecute his appeal that court may render judgment against him for the original judgment and costs in the county court. He did not prosecute his appeal in good faith, but on the contrary he and his friends obstructed a trial in the circuit court, by inducing the prosecuting witness to remain away from court.

2. Rendering judgment in this case by the circuit court for the amount of the judgment rendered by the county court, was nothing more nor less in effect than dismissing appellants' appeal in the circuit court. Appellate courts have always the inherent

power to clear their dockets of cases which parties fail to prosecute within a reasonable time. Enc. of P. & P., vol. 2, p. 340.

3. The agreement between the mother and the appellant will not operate as a bar to the proceeding under the statute. Commonwealth v. Turner, 4 Dana, 513.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

In November, 1891, Sarah M. Ellis obtained a warrant for the arrest of the appellant, Willis Wiggins, on a charge that he was the father of her bastard child. The trial in the county court resulted in a verdict of guilty, and the appellant was adjudged to pay $50 per year for a period of ten years. The judgment was rendered in March, 1892, from which he prosecuted an appeal to the circuit court. The case remained on the docket until the August term, 1894, when a judgment was rendered in that court for the amounts fixed in the judgment of the county court.

The record shows that at every term of the court from the time the appeal was taken until this judgment was rendered (and he was present in court when it was rendered) the appellant was present in court demanding a trial, except one term of the court when his affidavit and that of his physician showed that he was unable to attend, upon which the court continued the case. At the August term, 1894, when the judgment complained of was rendered, the appellee moved the court for judgment against the appellant, and in support of which certain affidavits were filed. Appellant entered a counter-motion to dismiss the warrant for 'want of prosecution. The court overruled the motion to dismiss the warrant, but sustained a motion for a judgment. There was no trial of the case on its merits, the court did not empanel a jury to return a verdict as to the

guilt or innocence of the accused, neither did the court hear any testimony whatever as to the merits of the case.

Counsel for appellee contend the court did not err because of the provisions of section 730 of the Civil Code of Practice, which is as follows: "If the appellant move to dismiss or fail to prosecute his appeal, it shall be at the option of the appellee either to proceed to trial on the appeal or to have judgment rendered for the amount of the original judgment and costs, if it was in his favor, or in bar of the original judgment, if it was against him."

Counsel erroneously assumes that the appellant, Wiggins, moved the court to dismiss the appeal. This he did not do as the order shows, but moved to dismiss the warrant for want of prosecution on the part of the appellee. The case should have been tried *de novo*, and on the trial of the case it was as essential for the appellee to show the guilt of the appellant as it was in the county court; in other words, the trial should have proceeded in the circuit court on the merits of the case in the same manner as in the county court. If the prosecutrix failed to appear and prosecute the case, it was in the power of the court to dismiss the warrant for want of prosecution, and the appellant was entitled to make such motion and have it considered. As we have said the record shows that he was present every term of the court until the judgment was rendered, except one term of the court, and the record shows that he was unable to attend on account of illness. The appellee filed some affidavits on his motion for judgment in which it was attempted to be shown that the appellant or his friends were instrumental in keeping prosecutrix from attending the trial. If the affi-

Wiggins v. Commonwealth.

davits established anything, it was that the appellant had been guilty of contempt of court, and not in the presence of the court. If he had been guilty of contempt of court, it was in the power of the court by appropriate proceedings to have him punished for it. It is not one of the powers of the court, however, as a punishment for contempt to render judgment against a party so charged on a claim, the merits of which have not been tried. The section of the Code quoted was intended to prevent an appellant from dismissing his appeal and thus deprive the appellee of a trial of the case, and, further, to prevent an appellant from taking an appeal, and then fail to prosecute it, and thus prevent the appellee from having a trial of the merits of the case. So long as appellant appears in court by himself or counsel and announces himself ready to try the case the court has no power, upon a charge that he has prevented witnesses from appearing in court, to adjudge that he has not prosecuted his appeal, and render judgment against him. The effect of the judgment was to convict the appellant of contempt of the court without a formal charge of that offense, and to inflict an unauthorized penalty for such an offense. The appellant did not move to dismiss his appeal, nor did he fail to prosecute it. If the statements contained in the affidavits be true, he hindered and interrupted the Commonwealth in the prosecution of its case, but the purpose of that was to make successful the prosecution of his appeal.

The judgment is reversed, with directions that the court set aside the judgment, and for proceedings consistent with this opinion.