CASE 32.—ACTION BY EDNA P. SHEPHEDR'S COMMITTEE AGAINST F. WEST, SUETY ON A BOND GIVEN ON APPEAL TO THE CIRCUIT COURT BY A. J. THARP, FROM A JUDGMENT IN THE COUNTY COURT AGAINST HIM IN A BASTARDY PROCEEDING.—November 26.

# West v. Shepherd's Committee

Appeal from Estill Circuit Court.

ROBERT RIDDELL, Circuit Judge.

Judgment for plaintiff, defendant appeals— Reversed.

Bastards—Review of Proceedings—Judgment of Appeal—Statutory Provisions.—Ky. Stats., 1903, section 168, invests exclusive original jurisdiction of bastardy proceedings is the county court; and section 978 authorizes an appeal therein to the circuit court. Civil Code Prac., section 726, provides that an appeal shall be docketed and stand for trial as ordinary actions and shall be tried anew; and section 730 provides that, if appellant move to dismiss, it shall be at the option of the appellee either to proceed to trial on the appeal or have judgment rendered for the amount of the original judgment and costs, if in his favor, or in bar of the original judgment, if against him. Defendant on a charge of bastardy, having appealed from the judgment of the county court against him and executed a bond with surety, thereafter moved to dismiss the appeal, and the court dismissed the same and adjudged that the Commonwealth, for the use of the prosecutrix, he remandea to the judgment rendered in the county court, and directed that court to enforce the same. Held, That the judgment rendered on appeal was not in cosformity with section 730, and was in fact no judgment at all, and hence no liability was shown against the surety on the

appeal bond; the same only extending to such a judgment as the circuit court could legally render.

Judge Hobson dissenting

ROBERT B. FRIEND for appellant.

J. B. WHITE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Reversing.

In a proceeding in the Estill county court against A. J. Tharp on a charge of bastardy, judgment was rendered against him for the benefit of the infant for $30 a year for 15 years and for the costs of the action. He prosecuted an appeal to the circuit court of the county, and executed a bond, as required by Civ. Code Prac. section 724, "to the effect that the appellant will satisfy and perform the judgment that shall be rendered upon the appeal," whereupon an order was issued staying proceedings upon the county court judgment. In the circuit court the appellant moved to dismiss the appeal. That court entered the following order upon the motion: "This day came the parties, and on motion of appellant, A. J. Tharp, his appeal herein is dismissed. It is therefore adjudged that appellee is remanded to the judgment rendered herein in the court below, and said court is directed to carry out said judgment. It is therefore adjudged by the court that appellee, Commonwealth, for, etc., recover of appellant, Tharp, the cost in this suit expended." The appeal bond executed in the case was in these words (omitting caption): "A. J. Tharp having prayed an appeal rendered on the 16th day of August, 1898, by the Estill county court on a warrant for bastardy against said appellant for the sum of $30 per year for 15 years: Now, we covenant that

the said A. J. Tharp will satisfy and perform the judgment that shall be rendered upon the appeal. Witness our hands this 16th day of August, 1898. (Signed) A. J. Tharp. J. F. West." This suit was brought by the committee appointed for the child against J. F. West, the surety, upon the foregoing bond, to recover judgment against him for the satisfaction of the installments which had accrued under the county court judgment, which had not been paid. West's demurrer to the petition was overruled. Judgment was then rendered against him; his answer presenting no defense other than is shown upon the face of the petition.   He appeals.

Original jurisdiction in bastardy proceedings is vested exclusively in the county court (secton 168, Ky. Stats. 1903), while appeals may be prosecuted to the circuit court (section 978, Ky. Stats. 1903).   The Code of Practice not only regulates the manner of taking such appeals, but provides what the effect is upon the judgment appealed from.   When the appeal is prosecuted within the time allowed by statute, and the appeal bond executed, the judgment appealed from is merged in the appeal.   The action is to be tried anew in the circuit court "as if no judgment had been rendered."   Section 726, Civ. Code Prac. When a bastardy prosecution is appealed to the circuit court, it stands for trial just as if that court had original jurisdiction, and it must be proceeded with, without respect to the trial or judgment in the county court.   Wiggins v. Commonwealth, 102 Ky. 40, 19 Ky. Law Rep. 1017, 42 S. W. 1106.   If the appellant fails to prosecute, the Code gives an option of either of two remedies to the prosecution.   It provides (section 730, Civ. Code Prac.):   "If the appellant move to dismiss or fail to prosecute his appeal, it

shall be at the option of the appellee either to pro-
ceed to trial on the appeal or to have judgment ren-
dered for the amount of the original judgment and
costs, if it was in his favor, or in bar of the original
judgment if it was against him." The judgment ren-
dered on the appeal in the action against Tharp was
not in conformity to the foregoing section of the
Code, nor was it a judgment at all. The surety under-
took that his principal would perform the judgment
of the circuit court, which means such judgment as
that court could legally render and might render.
But he did not undertake to perform the judgment of
some other court, to which the circuit court might
remand the case without authority. The order that
the Commonwealth, for the use of the prosecutrix,
was remanded to the judgment rendered in the court
below, was not a judgment at all. It gave no relief
of itself and it was not within the jurisdiction of the
circuit court to give jurisdiction to a county court over
a matter of which it had been divested of jurisdiction
by operation of a statute of the State.

Nor is this a new question in the practice of this
State. In Bennett v. Thompson, an appeal from a
justice's court to the circuit court, the latter
adjudged: "The court, being sufficiently advised,
adjudges that the judgment of the court below be
reversed, and that the appellants recover of appellee
their costs herein and in the court below expended."
This court held the reversal of the judgment was
a nullity; that the only power the court had was to
render judgment for or against the plaintiff on the
merits, or, if the appeal was not regularly prosecuted
or the court had not jurisdiction, to dismiss it. The
court added: "And until some one of those things
is done the case remains in court." We conclude

that the action of the circuit court in Tharp's case was wholly unauthorized. The bastardy case is still legally pending there for aught that appears here. At any rate no cause of action was shown against appellant as surety on the appeal bond, and none can be shown in the state of the record here presented.

Judgment reversed, and cause remanded, with directions to sustain the demurrer to the petition.

JUDGE HOBSON (dissenting). Under section 730 of the Civil Code of Practice the Estill circuit court, when Tharp dismissed his appeal, should either have proceeded to trial on the appeal, or should have rendered judgment for the original judgment and costs. It was irregular for it to remand the appellee to the judgment rendered in the county court and direct that court to carry out its judgment. The purpose of the statute is that the case shall be tried de novo in the circuit court, and, if the appeal is dismissed, that a judgment de novo be rendered there. If this was an appeal from the judgment of the Estill circuit court, a different question would be presented; but no appeal was taken from the judgment of the Estill circuit court, and the time of taking an appeal is long passed. Although the judgment was erroneous, still, if it was not void, the obligors on the appeal bond are bound by their covenant to satisfy and perform it. The Estill circuit court had the parties before it. It had jurisdiction of the subject-matter. A judgment may be ever so erroneous, and yet this will be no defense to an action to enforce it, if it can be determined from the judgment what the court determined; for, the court having jurisdiction of the parties and the subject-matter, its judgment is conclusive upon the parties unless set aside. In arriving at what a

judgment means, or what is its effect, the court will
look not at the entry on the order book, but will con-
sider also the record in the case; and if, from the
whole record, what the court determined can be satis-
factorily ascertained, the judgment will be enforced.
Stewart v. Troutman, 7 S. W. 535, 9 Ky. Law Rep.
752. In Freeman on Judgments, section 45, the rule
is thus stated: "If the entry of a judgment be so
obscure as to not express the final determination with
sufficient accuracy, reference may be had to the
pleadings and to the entire record. If, with the light
thrown upon it by them, its obscurity is dispelled,
and its intended signification made apparent, it will
be upheld and carried into effect." When the cir-
cuit court adjudged that the appellee be remanded to
the judgment rendered in the county court, and
directed that court to carry out its judgment, it in
effect determined that Tharp should pay the amounts
adjudged against him in the county court. Its
adjudging the county court to carry out its judg-
ment was in substance the same as its rendering a
judgment that Tharp should pay these sums. There
is no uncertainty at all as to what the court meant.
The action of the county court in carrying out its
judgment was under and in pursuance to the judg-
ment of the circuit court; and if Tharp failed to pay
the judgment of the county court he has not satisfied
or performed the judgment of the circuit court. In
23 Cyc. 670, the rule is thus stated: "According to
the modern doctrine a judgment is to be tested by
its substance, rather than its form, and the form is
not very material, provided that in substance it shows
directly, and not inferentially, the judicial character
of the act, the nature and scope of the adjudication,

and its application to the controversy before the court.''

By section 763 of the Code of Practice a void judgment may not be reversed in this court until a motion to set it aside has been made in the court which rendered it and overruled. If an appeal had been taken from the judgment in controversy, certainly it could not be held that the appeal did not lie until there was a motion in the circuit court to set aside the judgment as void; for it dismissed the appeal and gave judgment for costs. It put an end to the action and set the parties out of court. For the court to say the appeal is still pending, when it was in express terms dismissed, is for it simply to shut its eyes to the record. For this reason the case of Bennett v. Thompson, 10 Bush, 365, is not applicable; for in that case the appeal was not dismissed, but remained pending in the circuit court. The opinion is expressly rested on the ground that the appeal had not been dismissed. The judgment of the county court there had been set aside by the appeal, and the judgment of the circuit court, reversing it, added nothing to what in law had already been done. Not so here; for here the appeal is determined. Nor can it be maintained that so much of the judgment of the circuit court as remanded the parties to the judgment of the county court and directed the county court to enforce its judgment is void. The circuit court, under the statute, was authorized to re-enter the judgment of the county court, and its judgment that the county court should enforce its judgment was a determination that the defendant should pay the sums fixed by the county court. The difference is a matter of form, not of substance. Section 730 of the Civil Code of Practice is to be read in connection with section 134: ''The

court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.'' There is nothing in section 730 to take from circuit courts, in appeals from inferior courts under that chapter, their character of courts of general jurisdiction. Section 730 is merely a remedial statute, and is directory. It is not mandatory, in the sense that a departure from its provisions will render the judgment of the circuit court void, where the variance from the statute is only in a matter of form, and the relief granted by the circuit court is not in substance greater than it had a right to give.

The rule is universal that statutory prescriptions in regard to the mode of proceeding by public functionaries are directory when they are not of the essence of the thing to be done. If this rule is applied to election officers, sheriffs, and the like, how much more should it be applied to statutes regulating the proceedings of the superior courts of justice. It has been held that a provision requiring the court to give its reasons for its opinion on the record or to state in writing the grounds upon whch it grants or refuses a new trial, or a statute requiring the court to instruct the jury in writing and number the instructions consecutively, are directory, and that a failure to comply with the statute would not render the judgment void. 2 Lewis' Sutherland, Statutory Construction, section 620; 20 Am. Eng. Encyc. of Law, 689. In Blimm v. Commonwealth, 7 Bush, 320, this court held that a statute requiring 10 days' notice of a special term of court was directory, and that a term held after 8 days' notice was not void. How

much greater reason is there for applying this rule to the regulations of the Code of Practice as to the form in which a judgment shall be entered? If the judgment in this case is void because it does not conform to section 730 of the Civil Code of Practice, are all other judgments void which do not conform to other provisions of the Code? If not, what is the line of distinction? The circuit court has the same jurisdiction in a bastardy case as in any other case appealed to it, precisely the same jurisdiction that this court would have if the case were brought here; and there is no more reason for holding the judgment of the circuit court void which did not conform to the provision of the Code than there would be for holding a judgment of this court void which did not conform to some provision of the Code regulating this court. The language of the Code is not on its face mandatory, but permissive. It simply gives the appellee, if the appeal is dismissed, an option to proceed to trial or have judgment entered for the amount of the original judgment. There is nothing in it purporting a mandatory limitation on the power of the circuit court. In Sebree v. Commonwealth, 115 Ky. 740, 25 Ky. Law Rep. 121, 74 S. W. 716, where the same question arose under the same section of the Code, this court said: "Appellant suffered judgment by default in the county court. Upon appeal to the circuit court he did not file an answer controverting the allegations of the statement filed by the auditor's agent, nor did he make or offer any defense to the merits of the case. Up to this time the allegation that he had omitted to list his property for taxation for the years mentioned stands confessed. The circuit court dismissed the appeal, which left the judgment of the county court taxing the prop-

erty in effect. We think it would have been more regular, upon the state of the record, for the circuit court to have affirmed the county court's judgment; but the form of the order is not material, as the result is the same in either case.''

For these reasons, I dissent from the opinion of the court.