## Hargis v. Bach, Judge of Breathitt Circuit Court et al.

Oct. 30, 1942.

A. H. Hargis for appellant.

Roscoe C. Back for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Granting Leave to Amend Petition.

In this original action in this Court, filed by the petitioner, A. H. Hargis, against the judge and clerk of the Breathitt circuit court, the petitioner seeks a mandamus against the clerk to compel him to docket in the circuit court a purported appeal taken by the petitioner to the circuit court from a judgment of the county court and he seeks also a mandamus against the circuit judge to compel him to proceed to a determination of the appeal, it being alleged that the clerk and judge have failed and refused to take such action.

From the allegations of the petition it appears that the county court refused to appoint the petitioner administrator of the estate of his deceased brother, although the petitioner was next of kin and prima facie entitled to appointment by virtue of KRS 395.040 (K.S. sec. 3896) and, instead, appointed another person. It is then alleged that the petitioner filed a certified copy of the judgment of the county court with the circuit clerk but that the clerk refused to docket the appeal or recognize it in any way and that the circuit judge had ignored the appeal and refused to proceed to a determination of the cause.

The petition is insufficient to warrant the issuance of a mandamus since it does not contain allegations establishing that an appeal from the judgment of the county court was perfected in the circuit court. Section 724 of the Civil Code of Practice prescribing the procedure on appeals from judgments of the county court to the circuit court provides that in addition to a certified copy of the judgment the party appealing shall cause to be executed before the circuit clerk a bond to the effect that the appellant will satisfy and perform the judgment

768

that shall be rendered upon the appeal. The petition fails to allege the execution of such a bond consequently there is a failure of allegation that an appeal is pending in the circuit court and the circuit judge was justified in refusing to entertain any motion in connection with the purported appeal.

In no event could the petitioner be entitled to invoke the mandatory process of this Court against a circuit clerk, a ministerial officer. Relief of this character against a circuit clerk must be sought as an original matter in the lower court. See Sandusky v. Alsmiller, Clerk, et al., 291 Ky. 165 S. W. (2d) 342.

The petitioner is given ten days in which to amend his petition. If not amended within that time, the petition will be dismissed.