# Linn et al. v. Bryan, Judge.

February 7, 1950.

Holland G. Bryan, Judge.

Earl T. Shoup for petitioners.

Holland G. Bryan, Wheeler & Marshall for respondent.

JUDGE CAMMACK—Denying motion for writ.

This motion for "a writ of mandamus or, in the alternative, a writ of prohibition" is an outgrowth of a condemnation proceeding filed in the McCracken Circuit Court by the Kentucky Utilities Company against the petitioners in this proceeding. The Utilities Company instituted the condemnation proceeding under KRS 416.230. The landowners filed a general demurrer to the proceeding under KRS 416.260. The demurrer was overruled and the landowners then filed an additional pleading wherein the constitutionality of Chapter 186, Acts 1948, was attacked. This pleading and a motion to require the Company to make its petition more definite and specific was filed over the Company's objection. The court sustained the Company's motion to strike the answer in its entirety. A judgment was then entered authorizing the Company to take possession of the land under the provisions of KRS 416.270. On the day after the entry of the judgment the landowners filed an appeal in the McCracken Circuit Court. They executed bond and secured an order of supersedeas from the clerk of that court. The Company paid the costs incurred in the county court and tendered to the landowners the amount of compensation awarded by the commissioners. The tendered award was refused. The Company then filed a motion to discharge the supersedeas. After a hearing upon that motion an order was entered discharging the supersedeas. The landowners again refused the tendered award. A writ of possession was awarded the Company and it took possession of the property. In the present action the petitioners are asking that the Judge of the McCracken Circuit Court be required to reinstate the supersedeas issued by the clerk of his court and to stay all proceedings on the judgment of the McCracken County Court pending a hearing and a decision of the case on its merits in the circuit court. We believe the writ should be denied.

In the case of Barker v. Lannert, 310 Ky. 843, 222 S. W. 2d 659, we upheld the constitutionality of Chapter 186, Acts 1948. We held that the condemnor's right to enter into possession of property upon the payment of the compensation fixed by the commissioners under KRS 416.270 did not violate sections 13 and 242 of the Constitution. The reasons for permitting a condemnor to enter upon the land before the final assessment of damages are amply discussed in the Barker Case and the

cases of Shirley v. Southern Railway Co. in Kentucky, 81 S. W. 268, 26 Ky. Law Rep. 360; Madisonville, H. & E. R. Co. v. Ross, 126 Ky. 138, 103 S. W. 330, 13 L. R. A., N. S., 420.

If the contentions of the petitioners were upheld the major purpose of the new Condemnation Act would be defeated. As pointed out in Jones v. Tartar, 308 Ky. 813, 215 S. W. 2d 955, this Court has held consistently that it will not exercise original jurisdiction in the absence of a showing that an inferior court is acting without jurisdiction, or is acting within its jurisdiction but erroneously and in such a manner that great and irreparable injury will follow therefrom and the petitioner is without adequate remedy. We think Chapter 186 of the Acts of 1948 is complete within itself, both from the point of view of its primary purpose, namely, the condemnation of land, and from the point of view of the procedural steps necessary to accomplish that purpose. It would not do to say, therefore, that a landowner may supersede a judgment of a county court on appeal to the circuit court, whereas he has no such right when the appeal is taken from the judgment of the circuit court to this Court. It is inescapable that an immediate right of entry and possession was considered as of prime importance by the General Assembly when Chapter 186 of the Acts of 1948 was passed.

It follows from what has been said that we think the motion should be and it is denied.