**618**

Robert D. WHITE, Appellant,

v.

COMMONWEALTH ex rel. Jean FECK, Appellee.

Court of Appeals of Kentucky.

March 1, 1957.

Beverly White, Winchester, George E. Barker, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., R. R. Craft, Commonwealth's Atty., J. Smith Hays, Jr., Winchester, for appellee.

CLAY, Commissioner.

In a bastardy proceeding in the county court, upon a jury verdict, appellant was adjudged to pay the child's mother $35 a month for 9 years, and $50 a month for 9 succeeding years. He attempted, in forma pauperis, to appeal to the circuit court as authorized by KRS 23.030(2). His appeal was dismissed on the sole ground that he did not execute the performance bond required by CR 72.01.

We have held that a bastardy proceeding is civil in nature, and therefore the rules of civil procedure govern the method of taking an appeal. Commonwealth ex rel. Baker v. Bondie, 277 Ky. 207, 126 S.W.2d 148. In West v. Shepherd's Committee, 127 Ky. 323, 105 S.W. 419, we recognized that Section 726 of the Civil Code of Practice (requiring a trial de novo) applied to appeals in bastardy proceedings. Section 724, governing the manner of taking appeals, would likewise have been applicable, and since CR 72.01 incorporates the provisions of this Civil Code section, it has the same force and effect. KRS 447.151; KRS 477.156.

On its face CR 72.01 prescribes the procedure for taking appeals from the county court to the circuit court in all civil cases, unless otherwise provided by statute. See KRS 25.070. It requires the execution of a bond "to the effect that the appellant will satisfy and perform the judgment *that shall be rendered upon the appeal * * *"* (our emphasis) as a condition precedent to taking such appeal. We are of the opinion that this requirement was not intended to apply to bastardy proceedings for the reason that it would effectively deny a

party the right of appeal granted by statute. KRS 23.030(2).

A bastardy proceeding is unique. While it is civil in nature, it has a criminal aspect. In addition, the judgment of the county court in such a case may create a very substantial civil liability. In the present case the liability imposed on appellant exceeds $9,000.

The legislature specifically authorizes an appeal in a bastardy proceeding. Unless the conditions of such appeal are reasonable, the defendant is effectively denied this right. See Oertel v. Louisville & Jefferson County Planning & Zoning Commission, Ky., 251 S.W.2d 275; White v. Commonwealth, Ky., 287 S.W.2d 625. As we have heretofore mentioned, the potential liability of defendant under the county court judgment is $9,000. He is a pauper. Looking at the realities of the situation, it would be impossible for him to obtain a surety on his bond guaranteeing the payment of this amount (or possibly a larger amount) under the judgment of the circuit court. Even if the defendant was not a pauper, the difficulty if not impossibility of obtaining such a bond for such a substantial amount over a long period of time is obvious.

In Garnett v. Foston, 122 Ky. 195, 91 S.W. 668, a similar question was presented in an attempted appeal to the circuit court in a will contest. This Court held that the bond requirement of Civil Code section 724 was not applicable on such appeal. It was there recognized that certain Code provisions did not properly apply to appeals in special proceedings, among which, named in the opinion, was a bastardy suit. One of the reasons given why a bond is not required, which encompasses both a will contest and a bastardy case, is that the judgment of the county court is not suspended, as in other cases, pending the appeal.

If the bond provisions of CR 72.01 were held applicable in bastardy proceedings,

for practical purposes the defendant would be denied an appeal. A fair construction of CR 72.01, in the light of the nature of the proceeding, the potential liability, and the special statutory provisions relating thereto, is that the bond requirement of that Rule is not applicable to bastardy appeals. All other provisions of the Rule are applicable.

The judgment is reversed with directions to reinstate the appeal from the county court and for further proceedings.