Cornelius PENDLETON, Appellant,

v.

COMMONWEALTH of Kentucky, ex rel.
Bethel RAWLINS, Appellee.

Court of Appeals of Kentucky.

Sept. 29, 1961.

Charles A. Thornton, Lexington, for appellant.

Armand Angelucci, County Atty., Thomas R. Underwood, Jr., Sp. Asst. County Atty., for appellee.

MONTGOMERY, Judge.

Judgment was rendered in the Fayette County Court against Cornelius Pendleton in a bastardy proceeding. KRS Chapter 406, Bastardy. He sought to appeal to the Fayette Circuit Court, wherein his attempted appeal was held to be fatally defective for failure to file in proper time a certified copy of the judgment.

The judgment was entered in the Criminal Order Book in the Fayette County Court on August 5, 1959. On August 15, 1959, counsel for appellant requested the clerk of the Fayette County Court to prepare the necessary papers for appeal. On August 21, 1959, a photostatic copy of the judgment and warrant in the case was filed in the Fayette Circuit Court. Neither the copy of the judgment nor the amount of the costs was certified. The appropriate bond was executed. At a hearing on December 7, 1959, the circuit court held that it had no jurisdiction because of the failure to perfect the appeal. On December 10, 1959, the Fayette County Court clerk certified the judgment and costs, and by motion appellant asked the circuit court to assume jurisdiction of the case.

■ Bastardy is a civil proceeding. Chandler v. Commonwealth, 4 Metcalfe 66, 61 Ky. 66; Francis v. Commonwealth, 3 Bush 4, 66 Ky. 4; Commonwealth ex rel. Baker v. Bondie, 277 Ky. 207, 126 S.W.2d 148; Goldy v. Commonwealth, 289 Ky. 613, 159 S.W.2d 989. The Kentucky Rules of Civil Procedure govern such a proceeding. CR 1; White v. Commonwealth, Ky., 299 S.W.2d 618.

The method of taking an appeal in a civil proceeding from a judgment of the county court is set forth in CR 72. A certified copy of the judgment and amount of costs is required to be filed with the clerk of the court to which the appeal is taken within thirty days from the date judgment was rendered. CR 72.01 and 72.02. It is the duty of the appellant, acting through his counsel, and the clerk to see that a record on appeal is properly prepared and transmitted. Belk-Simpson Co. v. Hill, Ky., 288 S.W.2d 369. It is necessary to perfect an appeal in order to vest the circuit court with jurisdiction. Commonwealth ex rel. Curlin v. Taylor, Ky., 279 S.W.2d 813; Coyle v. Capital Engineering Services, Inc., Ky., 314 S.W.2d 541. Appellant failed to perfect the appeal within the time provided.

It is urged that the certification of the judgment should have been permitted after the expiration of the time for an appeal as a correction under CR 75.08. This rule is applicable to appeals to this Court only and does not afford any relief on an attempted appeal to the circuit court.

Judgment affirmed.