**COMMONWEALTH of Kentucky ex rel. Dorothy Marie MURPHY, Appellant,**

**v.**

**Warren Blaine MOREHEAD, Appellee.**

Court of Appeals of Kentucky.

Jan. 27, 1967.

R. Barry Wehrman, Covington, for appellant.

John R. S. Brooking, Covington, for appellee.

OSBORNE, Judge.

This is a bastardy proceeding which was originally tried on the 18th of May, 1963 in the Campbell Circuit Court before a jury. The jury returned its verdict finding that the respondent, Warren Blaine Morehead, was the father of the child in question but did not fix an amount for him to pay for support of the child.

Following the trial in the county court, appellant filed with the circuit court a certified copy of the judgment in the case and had issued therein summons. Respondent then appeared and filed his motion to dismiss the appeal for the reason that appellant had not filed with the judgment a statement of the costs accrued in the county court as required by CR 72.01. The Campbell Circuit Court dismissed the appeal. We are of the opinion that the court could not do otherwise. CR 72.01 states as follows:

"A party appealing from a quarterly court, county court, police court, city court, or a court of a justice of the peace, shall file with the clerk of the court to which the appeal is taken a certified copy of the judgment and the amount of costs, and cause to be executed before him, by one or more sufficient sureties to be approved by him, a bond to the effect that appellant will satisfy and perform the judgment that shall be rendered upon the appeal * * *."

This matter of appeal from the actions of the county court in bastardy proceedings has twice been before this court. In White v. Commonwealth ex rel. Feck,

**32**

Ky., 299 S.W.2d 618, we held that a bastardy proceeding is civil in nature and, therefore, the civil rules of procedure govern the method of taking an appeal. Again, in Pendleton v. Commonwealth ex rel. Rawlins, Ky., 349 S.W.2d 832, we held that the method of taking an appeal in a civil proceeding from the judgment of a county court must comply with the provisions of Civil Rule 72.01 and that this was applicable to bastardy proceedings. In this latter case, we dismissed an appeal because a copy of the judgment was not certified as required by the Civil Rules. As the appellant in this case did not file a statement of the costs accrued as required by the Civil Rules of Procedure, the circuit court had no alternative but to dismiss her appeal.

For these reasons, it is our judgment that the action of the trial court should be affirmed.