COMMONWEALTH of Kentucky ex rel.
Louella HAFLEY, Appellant,

v.

Alfonzo HERNANDEZ, Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1968.

James F. Clay, Jr., Clay & Clay, Danville, for appellant.

P. Joseph Clarke, Jr., Danville, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment of the circuit court dismissing an appeal from the Boyle County Court in a bastardy pro-ceeding on the ground that appellant had failed to perfect its appeal in the manner required by CR 72.01.

The county court judgment was entered on December 14, 1967. A certified copy of the judgment was filed in the circuit court on December 27, and a separate un-certified statement of court costs was "placed" in the record.

The principal ground for the motion to dismiss was that the circuit court lacked jurisdiction of the appeal because it was not perfected by the filing of a *certified* statement of costs. Construing CR 72.01 in the light of CR 72.06, apparently a cer-tified statement of costs is required, if it is filed separately. Of course the obvious, simple and practical procedure would be to have the amount of costs endorsed on the certified copy of the judgment. See Clay, Kentucky Practice, Vol. 7, CR 72.01, Com-ment 3. In Pendleton v. Commonwealth, Ky., 349 S.W.2d 832, and Commonwealth ex rel. Murphy v. Morehead, Ky., 411 S.W.2d 31, we recognized that compliance with the requirements of CR 72.01 was necessary to properly perfect an appeal in a bastardy proceeding.

Though not noted in the record on appeal here, the trial court's opinion recites that an itemization of costs was certified on Janu-ary 30, 1968, "and it appears in the record". That opinion also recites: "That this certi-fication was made more than 30 days after the time for taking appeal started to run."

■ The trial court erroneously assumed that appellant had only 30 days under CR 72.02 in which to perfect an appeal, but the applicable statute, KRS 406.051, allows 60 days. A proper appeal could have been perfected on January 30, 1968, or within several days thereafter (the judgment was entered December 14, 1967).

■ It is appellee's contention that the record does not disclose that the certified itemization of costs was ever filed, or

**812**

when. We think it evident from the court's opinion that this paper was filed at some time. If within the appeal time of 60 days, the trial court erroneously dismissed the appeal. For this reason we are constrained to remand the case for reconsideration of the motion to dismiss.

We have considered the other ground presented by appellee for dismissal of the appeal to the circuit court and we find it lacking in merit. However, we reaffirm the statement of the trial court that "it would be wise to follow the Rules".

The judgment is reversed, with directions to reconsider appellee's motion to dismiss consistently with this opinion.

All concur.