**George G. STATHIS, Appellant,**

v.

**FARMERS BANK & CAPITAL TRUST CO., Administrator of the Estate of Pete J. Theophanis, Deceased, et al., Appellees.**

Court of Appeals of Kentucky.

June 13, 1969.

Anggelis & Vimont, John W. Collis, Kenneth Smee, Lexington, for appellant.

Marion Rider, Frankfort, for appellees.

STEINFELD, Judge.

Pete Theophanis, a resident of Franklin County, died unmarried and intestate on May 1, 1968. He was the owner of valuable real estate in that county and substantial personalty. His heirs were a brother, nieces and nephews who resided in Greece, and the following:

John Theophanis, nephew, a resident of Ohio.

George Theophanis, nephew, a resident of California.

Olga Stathis, niece, a resident of Kentucky.

Shirley Jean Tracey, grandniece, a resident of Kentucky.

On May 8, 1968, nephew John petitioned the Franklin County Court to appoint him as administrator of the Theophanis estate. The next day George G. Stathis, a Kentucky resident who was the adult son of Olga Stathis, filed an application for his appointment. His mother executed a "Waiver of Notice" of "application for appointment * * * (a) administrator". (All litigants

treated this as a waiver by Olga of the right she had, if any, to be appointed as administratrix. Therefore we shall so consider the waiver.) Before the court acted on these requests, Shirley Jean Tracey "* * * waive(d) notice of the presentation for appointment of an Administrator * * *" and noted her "* * * consent to George G. Stathis to be the administrator * * *." Meanwhile, on May 13, 1968, nephew John joined with nephew George in requesting that the Farmers Bank and Capital Trust Company be appointed as administrator.

After hearing testimony the county court entered an order which declared that Olga, who was not a citizen of the United States, had waived the right, if any she had, to qualify by nominating her son and that Shirley Jean had done the same by requesting the appointment of Stathis. It stated that nephews John and George were non-residents and that they had waived in favor of the bank. The court concluded that the bank "* * * should be appointed as administrator * * *."

On May 21, 1968, George Stathis filed in the Franklin Circuit Court a pleading labeled "Appeal" (KRS 23.030(2)) in which he alleged the death of Theophanis, the names of the heirs and his nomination and qualifications pursuant to KRS 395.005 to be the administrator. He narrated the proceedings in the county court and supported his pleading with a certified copy of the record in the county court. He demanded a reversal of the order appointing the bank and that the county court be directed to appoint him as administrator. He was met with a motion "to dismiss the appeal" because he had failed to file "* * * a bond to the effect that he would satisfy and perform the judgment rendered on the appeal and a statement of cost incurred in the Franklin County Court * * *" required by CR 72.01. Stathis countered that the movant bank had answered and had agreed to a trial date before moving to dismiss, therefore it had waived the requirement of the rule. The transcript shows that the

motion to dismiss was filed July 10, 1968, and the answer was filed July 15, 1968. (The date of service of the answer is not indicated. CR 12.01.)

The circuit court overruled the motion to dismiss but adjudged the merits, concluding that the appeal be dismissed because Olga and Shirley Jean, having waived any rights they may have had to be appointed administratrix, had "* * * vested the County Court, under the provisions of KRS 395.-015(2) with a discretion as to one of the applicants to be named as administrator, and the appointment of the * * * Bank * * * did not involve any abuse of discretion vested in the County Court * * *."

Stathis continues before us his arguments that the county court and circuit court were in error, and while the bank denies this, it contends here that the motion to dismiss for the failure of Stathis to meet the requirement of CR 72.01 should have been sustained. We agree with this latter argument and do not reach the other.

CR 72.01 specifies that a party appealing from a minor court to the circuit court "* * * shall file with the clerk of the court to which the appeal is taken a certified copy of the judgment and amount of costs, and cause to be executed before him, by one or more sufficient sureties to be approved by him, a bond to the effect that the appellant will satisfy and perform the judgment that shall be rendered upon the appeal; * * *." Appellees cite Hargis v. Bach, Judge, 291 Ky. 766, 165 S.W.2d 565 (1942), and Caplinger v. Pritchard, 136 Ky. 349, 124 S.W. 352 (1910). Hargis was an appeal from the refusal of the county court to appoint an administrator. There we said:

"Section 724 of the Civil Code of Practice prescribing the procedure on appeals from judgments of the county court to the circuit court provides that in addition to a certified copy of the judgment the pary appealing shall cause to be executed before the circuit clerk a bond to the effect that the appellant will satisfy and

perform the judgment that shall be rendered upon the appeal. The petition fails to allege the execution of such a bond consequently there is a failure of allegation that an appeal is pending in the circuit court and the circuit judge was justified in refusing to entertain any motion in connection with the purported appeal. * * * "

For a more recent discussion of this rule see Commonwealth ex rel. Hafley v. Hernandez, Ky., 434 S.W.2d 811 (1968).

Appellant says in Garnett v. Foston, 122 Ky. 195, 91 S.W. 668 (1906), and in other cases, we held " * * * that the filing of a bond or certified copy of costs on appeals from probate orders is unnecessary in cases involving wills." So we did, but we pointed out " * * * that the Legislature, in providing appeals from county to circuit court in will cases, has laid down a materially different procedure from that provided in other cases generally, and for obviously different reasons." It is true also that in White v. Commonwealth ex rel. Feck, Ky., 299 S.W.2d 618 (1957), a bastardy proceeding, we held the execution of a bond on appeal was not essential, but we wrote, "One of the reasons given why a bond is not required, which encompasses both a will contest and a bastardy case, is that the judgment of the county court is not suspended, as in other cases, pending the appeal." but more importantly we stated that "(a) bastardy proceeding is unique" and that "(i)f the bond provisions of CR 72.01 were held applicable in bastardy proceedings, for practical purposes the defendant would be denied an appeal." As pointed out in White v. Commonwealth, supra, a certified statement of costs was required. None was filed here. We do not interpret the cases cited to exempt an appeal such as we have here from the requirements of CR 72.01.

Even though the circuit court dismissed on other grounds than the one we have discussed, dismissing the appeal was correct and stating other reasons was immaterial.

Cf. Willett v. Triplett, Ky., 431 S.W.2d 502 (1968), and Slusher v. Brown, Ky., 323 S.W.2d 870 (1959).

The judgment is affirmed.

All concur.