Albert THOMPSON et al., Appellants,

v.

KENTUCKY POWER COMPANY, a corporation, Appellee.

Court of Appeals of Kentucky.

April 8, 1977.

Discretionary Review Denied
June 29, 1977.

Gene A. Wilson, Louisa, for appellants.

James E. Cooper, Gray, Woods & Cooper, Ashland, for appellee.

Before COOPER, HOGGE and REYNOLDS, JJ.

COOPER, Judge.

This is an appeal from an order of the Lawrence Circuit Court entered May 6, 1976, dismissing an attempted appeal to that Court from a condemnation judgment entered in the Lawrence County Court on May 14, 1967. The condemnation action was brought by the Appellee, Kentucky Power Company, against the Appellants pursuant to KRS 416.130 and 416.230, to acquire the 17/48ths outstanding interest of the Appellants in the real estate described in the judgment of condemnation.

On May 14, 1967, the Appellee, Kentucky Power Company, obtained a judgment in the Lawrence County Court as the result of a condemnation proceeding filed pursuant to KRS 416.130 and 416.230. The proceeding had been filed to acquire the outstanding one-half undivided interest in a tract of land containing 139.76 acres, more or less, owned by the heirs of David Thompson.

Thereafter, on May 24, 1967, the attorney for Appellants, at that time, mailed to the Clerk of the Lawrence Circuit Court an Appeal, Statement of Appeal and Grounds for Appeal which admittedly were received by the Circuit Court Clerk, who, without filing the Appeal, transferred the documents to the office of the County Court Clerk. On May 31, 1967, the Appellee, Kentucky Power Company, through counsel delivered to Lawrence Circuit Clerk an answer to the Appeal, Statement of Appeal, Grounds for Appeal and Motion to Dismiss, which documents were also delivered by the Clerk to the office of the County Court Clerk by the Circuit Court Clerk.

Thereafter, the proceeding remained dormant until August 6, 1975, when counsel for Appellants, without notice to Appellee, Kentucky Power Company, filed the original Appeal with the Circuit Court Clerk of Lawrence County. At the time the foregoing action was taken more than eight (8) years had elapsed from the entry of the condemnation judgment by the Lawrence County Court.

The Defendant, Kentucky Power Company, filed a motion to dismiss the attempted appeal of Appellants which was overruled by the Court. Upon a motion to reconsider the action of the Court, the Judge then entered an order sustaining the motion to dismiss the appeal. It was from the last order that this appeal is taken.

It appears that two questions are presented to this Court: (1) was the appeal perfected by the Appellants in accordance with Kentucky Revised Statutes and the Kentucky Civil Rules, and; (2) are the Appellants barred from asserting any right to appeal for failure to revive action as provided by KRS 395.277?

█ A period of more than eight years had elapsed before the Appellants had made any attempt to prosecute their case. Rule 41.02 of the Kentucky Rules of Civil Procedure provides as follows:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him."

It appears that this is a matter for the discretion of the Court.

The Appellee argues that the Appellants failed to perfect their appeal as provided by

KRS 416.280 and by Civil Rule 72.01. KRS 416.280(1), appeal from judgment authorizing petitioner to take possession, provides as follows:

"Within thirty days from the date of a judgment authorizing the petitioner to take possession of the land or material an appeal may be taken to the circuit court by either party or both parties by executing bond as required in other cases, and by filing with the clerk of the circuit court a certified copy of the judgment, a statement of the parties to the appeal and a statement of the grounds of appeal, which grounds shall contain any exceptions the appellant has to the award made by the commissioners."

Rule 72.01 of the Kentucky Rules of Civil Procedure states:

"A party appealing from a . . . county court . . . shall file with the clerk of the court to which the appeal is taken a certified copy of the judgment and the amount of costs, and cause to be executed before him, by one or more sufficient sureties to be approved by him, a bond to the effect that the appellant will satisfy and perform the judgment that shall be rendered upon the appeal".

█ Strict adherence to the procedures set forth in the Statute has been required by the courts in all condemnation suits. In the case of *Linn v. Bryan*, 312 Ky. 203, 226 S.W.2d 959 (1950), the Court pointed out that the procedure set forth in KRS 416.280 was full and complete and must be followed by the land owner. The Court has consistently held that failure of an appellant to file an appeal bond warranted a dismissal. See *Stathis v. Farmers Bank*, 444 S.W.2d 112 (1969); *Hargis v. Bach, Judge*, 291 Ky. 766, 165 S.W.2d 565 (1942); and *Caplinger v. Pritchard*, 136 Ky. 349, 124 S.W. 352 (1910).

█ In view of the above, it appears to this Court that the appeal from the Judgment of the Lawrence County Court to the Lawrence Circuit Court was not perfected by Appellants as required by Kentucky Revised Statutes and by the Kentucky Civil Rules.

The record reflects that Albert Thompson died November 20, 1974, and Joe E. Thompson, his brother, predeceased him. No action was ever taken by anyone to preserve any rights which these estates may have had. KRS 395.277, the applicable statute for revivor of an action, sets forth the parties to such revivor, and also the time limitation as follows:

"An order to revive an action in the name of the representative or successor of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made; except that if the defendant shall also have died, or his powers have ceased in the meantime, the order of revivor on both sides may be made in the period limited in the last section."

█ In the case of *Horsley v. Asher's Heirs*, 94 Ky. 314, 22 S.W. 434 (1893), the Court held that the order of revivor may be made at anytime within one year from the term of Court at which the order might have first been made. The Court established that the limitation on revivor runs from that time and not from the date of death of the plaintiff. Strict compliance seems to be required by the Court.

It appears to this Court that the Appellants failed to perfect their appeal as per KRS 416.280; that the Appellants and heirs of Albert and Joe E. Thompson have failed to revive their right to appeal as per KRS 395.277; that a period of eight (8) years was an unreasonable delay in prosecuting their appeal.

For the reasons stated above, the Judgment of the lower court is hereby affirmed.

All concur.